# Richmond

JESSIE JAMES FREEMAN V. C. C. PEYTON, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY.

June 13, 1966.

Record No. 6138.

Present, Eggleston, C. J., and Spratley, Snead, I'Anson, Carrico and Gordon, JJ.

*John D. Gray* for the appellant.

*Reno S. Harp, III, Assistant Attorney General* (*Robert Y. Button, Attorney General,* on brief), for the appellee.

GORDON, J., delivered the opinion of the court.

This is an appeal from an order entered August 10, 1964 denying Freeman's petition for a writ of habeas corpus. Freeman asks us to

reverse the order because (1) he did not have a preliminary hearing on all the felony charges against him, and (2) the court failed to give him a full and complete hearing on his petition for a writ of habeas corpus. We affirm the order for the reasons to be set forth after a brief statement of the facts and proceedings.

Freeman was arrested November 2, 1961 on a warrant charging burglary on November 1, 1961. On November 10, 1961 he was given a preliminary hearing on this charge and bound over to the grand jury. He escaped from jail on November 16, 1961. The grand jury convened December 5, 1961, while Freeman was at large, and returned sixteen separate indictments against him for burglary and attempted burglary on various dates. In January 1962 Freeman surrendered to the Hampton police. He was tried in the Circuit Court of the City of Hampton on ten of the sixteen indictments and convicted of all ten charges.

Freeman subsequently filed a petition in the Circuit Court of the City of Hampton challenging these convictions and seeking a writ of habeas corpus. By order entered July 16, 1963, the Circuit Court dismissed the petition without a plenary hearing. By order entered January 20, 1964, we remanded the case to the Circuit Court with direction to grant Freeman a plenary hearing if he was then detained pursuant to the judgment of which he complained.

A plenary hearing was held in the Circuit Court on July 21, 1964. After hearing evidence and arguments of counsel, the Judge announced his decision to deny Freeman's petition for a writ of habeas corpus. Freeman's counsel prosecuted this appeal from the order entered August 10, 1964 carrying out that decision.

As noted, Freeman was arrested on a warrant charging burglary on November 1, 1961. He admits he was given a preliminary hearing on that charge. He argues, however, that he was denied his constitutional rights because he had no preliminary hearing on the other charges for which he was indicted. He makes this argument even though he was not arrested on the other charges and even though the indictments were returned while he was a fugitive. We reject this argument for reasons set forth in *Webb* v. *Commonwealth*, 204 Va. 24, 129 S.E.2d 22 (1963).

Turning to the second point, we find from the record that Freeman's counsel was permitted to bring forth all evidence that he desired to introduce at the plenary hearing on July 21, 1964, and that he was not denied the right to make full argument to the court. In fact, counsel does not complain he was denied the rights to intro-

duce evidence and to be heard. He argues Freeman was denied a full and complete hearing because the Judge ruled on only the first two questions raised by Freeman's petition: whether Freeman had been effectively represented by counsel at his criminal trials, and whether he was denied his constitutional rights because preliminary hearings were not held on all charges against him. Counsel asserts that the Judge failed to rule on the other seven questions raised in Freeman's petition.

Freeman's counsel fails to distinguish, however, between failure to rule and failure to announce reasons for a ruling. By entering the order of August 10, 1964 denying the writ of habeas corpus and dismissing Freeman's petition, the Judge ruled on all points raised in the petition. The Judge saw fit to state reasons for rejecting two of the alleged grounds for granting the writ, and he saw fit to refrain from stating reasons for rejecting the other seven alleged grounds. He may have refrained because he thought the reasons self evident. In any event, he was not required to give his reasons.

*Affirmed.*