In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Thursday, the 26th day of February, 2015.


Danny Patrick Shannon,                                    Appellant,

 against        Record No. 141455

Commonwealth of Virginia,                                 Appellee.


                              Upon an appeal from a
                              judgment rendered by the Court
                              of Appeals of Virginia.


This is an appeal from an order denying pretrial bail in a felony case.  The circuit court granted bail, but its order was subsequently vacated by the Court of Appeals.  Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no reversible error in the judgment of the Court of Appeals.

Danny Patrick Shannon was arrested in Fairfax County on warrants charging him with abduction with intent to defile, sodomy, and attempted sodomy.  At a preliminary hearing on August 19, 2014, the general district court found probable cause to refer the charges to the grand jury and admitted Shannon to bail.  The next day, the Commonwealth appealed the bail decision to the Circuit Court of Fairfax County.  Following oral arguments on August 21 and 22, 2014, the circuit court by an order entered on August 22, 2014, admitted Shannon to bail pending trial, setting his bond at $60,000

cash or corporate surety on condition that he have no contact with the victim and remain on a supervised release program.

The Commonwealth appealed the bail decision to the Court of Appeals which, by a brief per curiam order entered September 16, 2014, found that Shannon had failed to rebut the statutory presumption against bail in the circumstances of the case, revoked the circuit court's order setting bond, and ordered Shannon's incarceration pending trial. We awarded Shannon an appeal with expedited review pursuant to Rule 5:18(d).

Shannon's single assignment of error contends that the Court of Appeals erred by "misapplying the standard of review and finding the rebuttable presumption against bail had not been rebutted based on the record." Rule 5A:2(b) expressly provides that an order setting or denying bail shall be reviewable by the Court of Appeals "for abuse of discretion."[*]

The dispositive sentence of the Court of Appeals' order is succinct:

> Upon consideration of the motions, briefs, exhibits, and record, and applying the requisite standard of review, the Court finds that the respondent failed to rebut the statutory presumption against bail under the circumstances presented.

---

[*] There is no corresponding rule regarding review of a bail decision in this Court, but our review of the question whether the Court of Appeals has misapplied the Rules of Court necessarily presents a question of law, which we review de novo. LaCava v. Commonwealth, 283 Va. 465, 470, 722 S.E.2d 838, 840 (2012); Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010).

2

This appeal does not require us to make an independent determination whether the circuit court abused its discretion in admitting Shannon to bail. Rather, we must decide whether the Court of Appeals erred in its appellate review of that decision. We examine the record with which the Court of Appeals was confronted to ascertain whether the conclusion it reached had factual and legal support.

Because the Court of Appeals' statement that it had applied the "requisite standard of review" is conclusory, and is coupled with a statement of "findings," we are unable to determine whether the Court of Appeals used the proper standard. Assuming, without deciding, that the Court of Appeals applied an incorrect standard of review, we examine the record made in the circuit court to determine whether it supports the conclusion reached by the Court of Appeals.

Forcible sodomy and abduction with intent to defile are both felonies punishable by possible life sentences. For that reason, a presumption against bail applies to those charges by virtue of Code § 19.2-120(B)(2). In addition, all three charges involve "acts of violence," to which the same statute provides a presumption against bail. Code § 19.2-120(B)(1); Code § 19.2-297.1 (defining "act of violence").

The case was submitted to the circuit court at the bond hearing entirely on the proffers of counsel as to the evidence they would present, supplemented by certain exhibits. Proffers represented that Shannon was a retired man, 64 years old, who lived in a condominium development in Fairfax County. The victim, a woman 79 years of age, was a neighbor in the same development. The

3

two were acquaintances and had visited each other's homes on prior occasions. On July 27, 2014, the victim visited Shannon at his home for the purpose of watching television. During the visit, the victim experienced an attack of vertigo. Shannon told her he was a doctor and attempted to take her blood pressure. The victim resisted Shannon's efforts, but he persisted and became angry at her continued refusal. Shannon then threw her onto a bed, removed her clothing and forcibly tied her wrists and ankles to the bed. She tried to scream, but he tied a scarf around her mouth to muffle her outcries. He attached nipple clamps to both of her breasts. He informed her that they were going to have sex and attempted anal intercourse, but was unable to complete the act. He then untied her, turned her over, attached her hands to a "some type of handcuff device" and forced fellatio upon her, but again found himself unable to complete the act. Frustrated, he allowed the victim to leave. Later, the police took photographs of bruises on the victim's wrists and arms and reported finding bruises on both breasts consistent with the use of nipple clamps.

The Commonwealth informed the court that Shannon was a registered sex offender in Virginia as a result of two convictions in Colorado in 1998: "unlawful sexual contact with a minor" and "sexual assault on a child by one in trust." In rebuttal, defense counsel proffered that Shannon had lived in the Fairfax area for about ten years and in his present home for more than five years without any police record or complaints in his condominium community. He remained at home, living on a modest retirement income, and could not afford extensive travel. Shannon denied that he had committed any offense.

4

The Sexual Offender and Crimes Against Minors Registry Act, Code § 9.1-900 et seq., requires any person convicted after July 1, 1994 of a sexual offense as described in Code § 9.1-902 in the courts of the United States or any of its political subdivisions to register as a sex offender in Virginia. Code § 9.1-901. Those convicted of violent sex offenses must remain on the registry for life. Code § 9.1-908. The purpose of the Act is stated in its opening section. It is not to further punish or stigmatize the offender, but rather to "assist . . . law-enforcement agencies and others to protect their communities and families from repeat sex offenders." Code § 9.1-900. That purpose evinces clear recognition by the General Assembly of the unfortunate tendency of many sex offenders to recidivate, even long after release from incarceration. That purpose would be nullified if a defendant's presence on the sex offender registry were not given great weight in deciding whether he should be released into the community when he appears in court charged with a new sex offense, especially one characterized by violence.

The only explanation given of its ruling by the circuit court, after hearing the proffers of counsel, was: "Under the circumstances of this case[,] bond will be set at $60,000 cash or corporate surety." By Code § 19.2-124, the General Assembly has provided three tiers of appeals, free of filing or service fees, from decisions granting or denying bail: to the circuit court, to the Court of Appeals and to this Court. Our Rule 5:18(d) provides for expedited review. That appellate framework exists because of the vital and urgent importance of bail decisions to the liberty interests of the accused as well as to the safety of the public.

5

The important public policy underlying that appellate framework would be entirely nullified if the courts called upon to review bail decisions were bound to find no abuse of discretion where the court making the decision had merely rested its ruling on the "circumstances of the case" or some similar conclusory and uninformative formula.  If such were the law, all appeals from bail decisions so expressed would be futile.

There is no general requirement that trial courts must state for the record the reasons underlying their decisions. Nevertheless, in light of the public policy underlying the laws providing for prompt and meaningful review of bail decisions, a court making such a decision has a duty to articulate the basis of its ruling sufficiently to enable a reviewing court to make an objective determination that the court below has not abused its discretion.

In Lawlor v. Commonwealth, 285 Va. 187, 213, 738 S.E.2d 847, 861 (2013), we reiterated that there are three principal ways by which a court abuses its discretion.  The first of these is "when a relevant factor that should have been given significant weight is not considered."  Id. (citations and internal quotation marks omitted).  It was impossible for the Court of Appeals to determine from the circuit court's ruling what, if any, consideration or weight the circuit court might have given to the statutory presumption against bail, the effect of Shannon's presence on the sex offender registry, and his pending charges involving a repeat sexual offense involving violence.  Therefore, the Court of Appeals was required to look to the record made in the circuit court to

6

ascertain whether the conclusion the circuit court reached had factual support.

We cannot, on this record, find that the Court of Appeals erred in reaching the conclusion, necessarily implicit in its holding, that the circuit court abused its discretion by not considering a relevant factor which should have been given substantial weight, specifically, Shannon's status as a registered sex offender. We therefore conclude that the Court of Appeals reached the correct result. Accordingly, the order appealed from is affirmed. The appellant shall pay to the Commonwealth of Virginia two hundred and fifty dollars damages.

This order shall be certified to the Court of Appeals of Virginia and to the Circuit Court of Fairfax County and shall be published in the Virginia Reports.

_____

JUSTICE McCLANAHAN, concurring.

I agree with the majority's holding in this case. I write separately because I disagree that we should, by virtue of dicta and based on a "public policy," attempt to change the general rule that a trial court is not required to recite for the record the reasons underlying its rulings. Fitzgerald v. Commonwealth, 223 Va. 615, 627, 292 S.E.2d 798, 805 (1982)("Absent a statutory mandate . . . a trial court is not required to give findings of fact and conclusions of law."); see, generally, Freeman v. Peyton, 207 Va. 194, 196, 148 S.E.2d 795, 797 (1966); see also Findlay v. Commonwealth, 287 Va. 111, 116, 752 S.E.2d 868, 872 (2014).

7

If a "duty" should be imposed on a trial court to recite its underlying reasoning on the record, such a requirement, as an exception to the general rule, should be imposed and designed by the legislature, not this Court.  <u>See</u>, <u>e.g.</u>, Code § 20-08.1(B)(requiring courts to recite the underlying reasons for certain rulings in the context of domestic relations support determinations); <u>see also</u> Code § 8.01-654(B)(5) (requiring courts to articulate both findings of fact and conclusions of law in habeas proceedings, to be made part of the record and transcribed).

A Copy,

Teste:

Patricia L. Harrington, Clerk