COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Kelsey and Huff
Argued at Chesapeake, Virginia

BRYAN P. PILATI

                                                        OPINION BY
v.      Record No. 0762-11-1                   JUDGE D. ARTHUR KELSEY
                                                        DECMEBER 6, 2011
SHARON B. PILATI

FROM THE CIRCUIT COURT OF YORK COUNTY
Randolph T. West, Judge Designate

Roy H. Lasris for appellant.

E. Thomas Cox for appellee.


In this divorce proceeding, the trial court awarded permanent spousal support to Sharon

B. Pilati.  Her husband, Bryan P. Pilati, appeals the support order claiming the trial court did not

provide sufficient "written findings and conclusions" as required by Code § 20-107.1(F).  We

agree and remand for purposes of complying with this statutory mandate.


I.

During the parties' divorce proceeding, wife sought an award of permanent spousal

support.  Both parties provided the trial court with written proffers of fact regarding the statutory

factors of Code § 20-107.1.  The court conducted an evidentiary hearing and announced from the

bench an award of $600 a month in spousal support to wife.  Husband's counsel later objected to

the entry of the support order on the ground that the trial court had not provided sufficient

"written findings and conclusions" as required by Code § 20-107.1(F).  App. at 55.  The trial

court heard argument on the objection and ordered the parties to brief the relevant statutory

factors.  The brief filed by wife's counsel surveyed the evidence supporting the court's award

and recommended findings based upon that evidence.  The brief filed by husband's counsel

proposed findings in support of withholding any award of spousal support.

The trial court issued a letter opinion that included an itemized list paraphrasing most, but not all, of the statutory factors listed in Code § 20-107.1(E). The letter opinion stated the court had "considered the following" in making its support award:

1. The obligations, needs and financial resources of the parties, including but not limited to income from all sources;

2. The standard of living established during the marriage which the Court found to be high middle class;

3. The duration of the marriage which the Court found to be 22 years;

4. The contribution, monetary and nonmonetary, of each party to the wellbeing of the family;

5. The property interest of the parties, both real and personal, tangible and intangible;

6. The provisions made with regard to the marital property;

7. the earning capacity of the parties;

8. the actions of the parties in the dissolution of the marriage although final decree granted on separation for period of 1 year; [and]

9. Such other factors, including tax consequences to each party, as are necessary to consider the equities between the parties.

App. at 39. In this recitation, the only mention of any factfinding specific to this case were the findings that the parties had been married "22 years" and enjoyed a "high middle class" standard of living. Id. The letter opinion ended with the court's acknowledgment that husband would continue to pay the mortgage on the marital home until its sale.

The court entered an order awarding $600 a month in spousal support to wife. The order referred to "rulings" from the bench at the evidentiary hearing and the "reasons set forth" in its letter opinion, attached as an exhibit to the order. Id. at 41. Husband's counsel objected to the order on the ground that neither it nor the letter opinion provided sufficient "written findings and conclusions" as required by Code § 20-107.1(F).

After entry of the order, the parties provided the court with an agreed-upon statement of facts in lieu of a transcript pursuant to Rule 5A:8(c). The statement of facts did not recite any findings or conclusions announced by the court at the evidentiary hearing. Instead, it stated that the court's letter opinion provided the "written findings and list of factors rendered pursuant to § 20-107.1 which [the court] considered in making its $600 per month award (letter attached)." App. at 55. The court signed the statement of facts and added a handwritten addendum: "Although court in [its] letter listed only certain factors under § 20-107.1 — all factors were considered." Id.

## II.

In Virginia, a trial court has no common law duty to explain in any detail the reasoning supporting its judgments. Absent a statutory requirement to do so, "a trial court is not required to give findings of fact and conclusions of law." Fitzgerald v. Commonwealth, 223 Va. 615, 627, 292 S.E.2d 798, 805 (1982). Nor is a trial judge "required to give any written explanation for his signed, written order." Bennett v. Commonwealth, 33 Va. App. 335, 345, 533 S.E.2d 22, 27 (2000) (*en banc*).

Trial judges sometimes refrain from providing a detailed explanation because they think "the reasons self evident." Freeman v. Peyton, 207 Va. 194, 196, 148 S.E.2d 795, 797 (1966). Others may conclude that, in some cases, saying too much is as detrimental as saying too little. The correct balance depends on the unique context of each case, the informative value of an explanation, and the possibility of inflaming an interminable dispute with an overly detailed explanation. With few exceptions, when no specific explanation is given by a trial court, we presume the court followed the governing legal principles, White v. White, 56 Va. App. 214, 217, 692 S.E.2d 289, 290-91 (2010), and resolved all factual contests favorable to the prevailing party, James v. Commonwealth, 53 Va. App. 671, 680 n.2, 674 S.E.2d 571, 576, n.2 (2009).

- 3 -

By statute, however, the General Assembly has identified certain decisions that uniquely warrant an explanation by the trial court. Many involve domestic relations disputes. When a trial court rules on child custody and visitation issues, for example, Code § 20-124.3 requires the court to "communicate to the parties the basis for the decision either orally or in writing." To satisfy this requirement, "the trial court must provide a case-specific explanation (one that finds its contextual meaning from the evidence before the court) of the fundamental, predominating reason or reasons for the decision." Kane v. Szymczak, 41 Va. App. 365, 373, 585 S.E.2d 349, 353 (2003); see also Artis v. Jones, 52 Va. App. 356, 363, 663 S.E.2d 521, 524 (2008); Lanzalotti v. Lanzalotti, 41 Va. App. 550, 555, 586 S.E.2d 881, 883 (2003).

In cases involving requests for spousal support for an undefined duration, the General Assembly has expressed the duty-to-explain requirement this way: "In contested cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order." Code § 20-107.1(F).[1] This provision requires more than merely communicating "the fundamental, predominating reason or reasons for the decision." Kane, 41 Va. App. at 373, 585 S.E.2d at 353 (interpreting Code § 20-124.3). Instead, to comply with Code § 20-107.1(F), the trial court should identify all relevant statutory factors supporting its decision and provide an explanation of its resolution of any significant underlying factual disputes. See Benzine v. Benzine, 52 Va. App. 256, 261, 663 S.E.2d 105, 108 (2008).[2]

---

[1] For a particular kind of spousal support award — a defined duration award — the trial court's findings must go further and "identify the basis for the nature, amount and duration of the award and, if appropriate, a specification of the events and circumstances reasonably contemplated by the court which support the award." Code § 20-107.1(F). This difference in degree requires the trial court to address the unique circumstances justifying this type of award.

[2] Prior to the enactment of Code § 20-107.1(F) in 1998, "when a trial court failed to make factual findings or present any explanation of the circumstances that influenced its decision

The written explanation requirement can be satisfied by trial court orders, written letter opinions filed in the court's record, oral rulings "from the bench" recorded in a written transcript, Bruemmer v. Bruemmer, 46 Va. App. 205, 210, 616 S.E.2d 740, 742 (2005), as well as findings and conclusions recorded in a statement of facts in lieu of a transcript pursuant to Rule 5A:8(c). In each of these instances, the trial court's findings and conclusions may incorporate by reference proffers by the parties. See, e.g., West v. West, 53 Va. App. 125, 132, 669 S.E.2d 390, 394 (2008) (noting "the trial court expressly stated in its final decree that 'the statutory factors outlined by [mother] at [T]ab 12 . . . are convincing in their detail'").

The statutory duty to *explain* a decision, of course, does not change the *nature* of the decision itself. The General Assembly did not intend the statutory decisionmaking factors to devolve into an algorithm and thereby project a pretense of certitude. No judge who has ever made such decisions would describe the thought process in this way. While a trial judge must consider all the factors, the judge is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Duva v. Duva, 55 Va. App. 286, 300, 685 S.E.2d 842, 849 (2009) (citation omitted); see also Robinson v. Robinson, 54 Va. App. 87, 91, 675 S.E.2d 873, 875 (2009). "What weight, if any, to assign to this [or that] factor in the overall decision lies within the trial court's sound discretion." Robbins v. Robbins, 48 Va. App. 466, 481, 632 S.E.2d 615, 622 (2006) (citation omitted).

In this case, we conclude the trial court's letter opinion provided the litigants with an inadequate explanation of the court's decision. The trial court paraphrased many of the statutory factors but made only two specific findings of fact: The parties had been married "22 years" and

regarding spousal support, we could examine the record to determine if the trial court's decision was supported by evidence relevant to the statutory factors." Robinson v. Robinson, 50 Va. App. 189, 195, 648 S.E.2d 314, 317 (2007) (citation omitted).

enjoyed a "high middle class" standard of living.  App. at 39.  The competing letter briefs

submitted by the parties, however, revealed significant factual disputes on other factors and

proffered very different proposed resolutions.  As husband's counsel stated in his brief:

> There was major conflict as to the causes leading up to the breakup
> of the marriage (20-107.1(A)).  Mrs. Pilati asserted that it was
> because of her husband's infidelity (his viewing pornography and
> his visiting prostitutes) that caused their marriage to end.  Mr.
> Pilati asserted that the marriage was "over" many years ago and
> that his viewing pornography and his visiting prostitutes was
> simply evidence that the marriage was broken.

Id. at 32.  The trial court did not expressly resolve this "major conflict," id., in its ruling.  And

this omission cannot be dismissed as legally insignificant.[3]  "In Virginia, when 'a claim for

support is made by a party who has been held blameless for the marital breach, the law imposes

upon the other party a duty, within the limits of his or her financial ability, to maintain the

blameless party according to the station in life to which that party was accustomed during the

marriage.'"  Brandau v. Brandau, 52 Va. App. 632, 637, 666 S.E.2d 532, 535 (2008) (quoting

Gamble v. Gamble, 14 Va. App. 558, 573-74, 421 S.E.2d 635, 644 (1992)).

Additional conflicts in the evidence arose out of the parties' differing positions on wife's

income earning potential, App. at 32-33, her alleged inclusion of adult child expenses in her

household budget offered in support of her spousal support claim, id. at 33, and husband's

alleged understatement of his income and overstatement of his expenses, id. at 33, 35-36.  These

---

[3] See Code § 20-107.1(E) (requiring the court, when considering whether to award support, to "consider the circumstances and factors which contributed to the dissolution of the marriage"); cf. Cousins v. Cousins, 5 Va. App. 156, 158-59, 360 S.E.2d 882, 884 (1987) (interpreting identical language in the equitable distribution statute, Code § 20-107.3(E)); Bentz v. Bentz, 2 Va. App. 486, 488, 345 S.E.2d 773, 774 (1986) (same).  In addition, determining the "nature, amount and duration" of a support award requires consideration of the positive and negative "contributions, monetary and nonmonetary, of each party to the well-being of the family."  Code § 20-107.1(E)(6).  See Brandau v. Brandau, 52 Va. App. 632, 638-39, 666 S.E.2d 532, 535-36 (2008).

evidentiary conflicts implicate several statutory decisionmaking factors, and thus, should have been addressed in the court's "written findings and conclusions" required by Code § 20-107.1(F).

In short, "where a trial court is required to make written findings supporting its decision, its failure to do so constitutes reversible error." Robinson v. Robinson, 50 Va. App. 189, 194, 648 S.E.2d 314, 316 (2007). When this occurs, we "remand this matter to the trial court with instructions to provide an explanation in compliance with the statute." Kane, 41 Va. App. at 376, 585 S.E.2d at 355. This remedy precisely reflects the nature of the trial court's error. We do not address, much less hold, that the support award should not have been made at all or that the amount of the award was too high or too low. The lack of a sufficient explanation for the $600 monthly award of spousal support did not render it unawardable — just unexplained. The error we reverse is not the fact or the amount of the award, but the absence of a sufficient explanation accompanying it.

## III.

Because the trial court did not provide sufficient "written findings and conclusions" as required by Code § 20-107.1(F), we remand this matter to the trial court with instructions to do so in compliance with the statute.[4]

Reversed and remanded.

---

[4] If the trial court reaffirms its award on remand and provides a statutorily compliant explanation, the court has the discretion to address whether the award should be made retroactively as of the date the prior award ceased to be effective by virtue of our appellate mandate. See generally Young v. Young, 215 Va. 125, 126, 207 S.E.2d 825, 825 (1974) (authorizing a trial court to use its "sound discretion" in awarding spousal support retroactively "as of the date of the suit" (citation omitted)).