COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Petty and McCullough
Argued at Richmond, Virginia

MARK A. VANNATTA

                                                                MEMORANDUM OPINION* BY
v.        Record No. 0237-12-2                   JUDGE WILLIAM G. PETTY
                                                                NOVEMBER 20, 2012

LINDA M. VANNATTA

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Jay T. Swett, Judge Designate

Leah E. Hernandez (Dygert, Wright, Hobbs & Heilberg, PLC, on
briefs), for appellant.

Francis L. Buck (Buck, Toscano & Tereskerz, Ltd., on brief), for
appellee.

Mark Vannatta ("husband") appeals an order of the trial court awarding spousal support

to Linda Vannatta ("wife").  On appeal, husband assigns the following errors:  (1) the trial court

erred by refusing to consider evidence provided regarding factors seven and eight of Code

§ 20-107.1(E); (2) the trial court erred by including expenses of the parties' adult children when

determining wife's needs; (3) the trial court erred by formulating an estimated "annual incentive"

and including it as a resource of husband; and (4) the trial court erred when it refused to include

already incurred debts as a part of husband's monthly obligations and thus abused its discretion

when it determined that husband is financially able to pay wife spousal support.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In her brief, wife also assigns the following error: the trial court's limitation of the award of spousal support to twelve years violated both the agreement of the parties and Code § 20-107.1(D).

For the reasons expressed below, we disagree with husband's and wife's arguments. Therefore, we affirm the judgment of the trial court.

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "On appeal, we view the evidence in the light most favorable to . . . the party prevailing below, 'and grant all reasonable inferences fairly deducible therefrom.'" Johnson v. Johnson, 56 Va. App. 511, 513-14, 694 S.E.2d 797, 799 (2010) (quoting Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999)). "On interpretations of the law as it applies to [the evidence], however, we review the trial court's ruling *de novo* . . . ." Lewis v. Lewis, 53 Va. App. 528, 536, 673 S.E.2d 888, 892 (2009).

II.

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the [trial] court . . . ." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). "On appeal, a trial court's decision on this subject will not be reversed 'unless there has been a clear abuse of discretion.'" Congdon v. Congdon, 40 Va. App. 255, 262, 578 S.E.2d 833, 836 (2003) (quoting Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997)).

## A. The Code § 20-107.1 Factors

In awarding spousal support, the trial court is required to consider all the factors enumerated in Code § 20-107.1(E)—"failure to do so is reversible error." Bristow v. Bristow, 221 Va. 1, 3, 267 S.E.2d 89, 90 (1980). Further, the trial court is required to make written findings of fact regarding the statutory factors. Code § 20-107.1(F) ("In contested cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order.").

When making a spousal support determination, "[t]he requirement that the trial court consider all of the statutory factors necessarily implies substantive consideration of the evidence presented as it relates to all of these factors." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). However, "[w]hile a trial judge must consider all the factors, the judge is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Pilati v. Pilati, 59 Va. App. 176, 183, 717 S.E.2d 807, 810 (2011) (quoting Duva v. Duva, 55 Va. App. 286, 300, 685 S.E.2d 842, 849 (2009)). "'What weight, if any, to assign to this [or any given] factor in the overall decision lies within the trial court's sound discretion.'" Id. (quoting Robbins v. Robbins, 48 Va. App. 466, 481, 632 S.E.2d 615, 622 (2006)).

### 1. Factor Seven

Husband first argues that the trial court did not properly consider evidence related to factor seven of Code § 20-107.1(E). Specifically, husband argues that the trial court refused to take into account the current property interests of the parties. We disagree.

- 3 -

Under factor seven of Code § 20-107.1(E), the trial court is required to consider "[t]he property interests of the parties, both real and personal, tangible and intangible." At the December 12, 2011 hearing, the trial court heard evidence concerning the property interests of the parties and awarded $1,700 per month in spousal support to wife for an indefinite period of time. After the hearing, husband filed a motion to reconsider because the trial court did not properly consider the factors in Code § 20-107.1(E). The trial court then held an *ore tenus* hearing in which both parties further argued for or against a spousal support award based upon the proffered evidence. In its final order awarding $1,000 per month in spousal support to wife for twelve years, which incorporated the trial court's written findings on each statutory factor, the trial court explicitly stated that it considered both the evidence and factors in Code § 20-107.1(E).

Husband quotes from the trial court opinion to support his argument that the trial court did not consider the current property interests of the parties. However, husband fails to include the last sentence of the trial court's discussion concerning this factor: "The evidence at the recent hearing was that neither party has accumulated much of an estate and both continue to have loans or debts incurred over the years."[1] Husband advances his argument by editing the trial court's opinion. When the opinion is not so edited, it is evident that the trial court considered the current property interests of the parties.

Further, factor seven is one of the thirteen factors that the trial court was required to consider. The trial court's decision does not indicate what weight, if any, it accorded to factor seven. Nevertheless, it is enough that the trial court considered the evidence introduced

---

[1] To the extent that husband argues that this finding was not supported by the evidence, this argument was not included in the assignment of error. Thus, we will not consider it. See Cirrito v. Cirrito, 44 Va. App. 287, 309, 605 S.E.2d 268, 278 (2004) (noting that arguments not presented in the questions presented—now assignments of error—will not be considered).

- 4 -

concerning the factor in making its decision. The trial court was not required to, and did not, elaborate on the weight accorded to the factor. Therefore, we hold that the trial court did not err, but instead properly considered the proffered evidence concerning factor seven of Code § 20-107.1(E).

## 2. Factor Eight

Husband next argues that the trial court did not properly consider evidence related to factor eight of Code § 20-107.1(E). Specifically, husband argues that the trial court should have looked at the division of the marital property and made specific findings concerning how the division affected the parties' current financial status. We disagree.

Under factor eight of Code § 20-107.1(E), the trial court is required to consider "[t]he provisions made with regard to the marital property under Code § 20-107.3." The trial court considered, and quickly dismissed, this factor:

> The parties reached a separation agreement in 2007 that presumably both concluded was fair and equitable. More than four years have passed. The court does not give much consideration to the manner in which the parties chose to divide their marital property under the agreement and does not believe this is particularly relevant in determining the issue of spousal support as of today.

The trial court considered the proffered evidence concerning factor eight. After considering the evidence, the trial court decided to assign little weight to the factor. The assignment of weight to any given factor lies within the sound discretion of the trial court. Therefore, we hold that the trial court did not err, but instead properly considered the proffered evidence concerning factor eight of Code § 20-107.1(E) and assigned what weight it thought was appropriate to the factor.

- 5 -

### 3. Factor One

#### a. The Children's Expenses

Husband next argues that the trial court erred by including expenses of the parties' adult children when determining wife's needs. We disagree.

Husband's argument once again touches upon the statutory factors in Code § 20-107.1(E). When considering the statutory factors, "the judge is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Pilati, 59 Va. App. at 183, 717 S.E.2d at 810 (quoting Duva, 55 Va. App. at 300, 685 S.E.2d at 849). Code § 20-107.1(E)(1) requires the trial court to consider the "obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature."

The trial court, while discussing the obligations, needs, and financial resources of the parties under factor one of Code § 20-107.1(E), stated, "Included in [wife's] monthly expenses was $365 of health insurance premiums for the parties' three children. Other than some incidental expenses for clothes and similar items for her children, the court finds her monthly expenses reasonable." The trial court did not further elaborate what weight, if any, it applied to this factor. Further, while discussing factor six of Code § 20-107.1(E), the trial court noted, "Once the children have reached the age where they no longer are eligible to be on [wife's] health insurance, this will free up more of the support award to be available to assist [wife] in meeting her expenses." This seems to indicate, contrary to husband's assertion, that the trial court did not include the health insurance premiums in its spousal support award; instead, the trial court acknowledged that the spousal support award is not enough to cover both the health insurance premiums and wife's other monthly expenses. Nonetheless, the trial court's discussion

- 6 -

of wife's monthly expenses, which included expenses for the adult children, does not necessarily indicate that the trial court included the expenses in its spousal support award. The record is devoid of any statement by the trial court indicating that it included the expenses for the adult children in its spousal support calculation. "On appeal, the judgment of the trial court is presumed correct." Wymer v. Commonwealth, 12 Va. App. 294, 296, 403 S.E.2d 702, 704 (1991). If the record does not demonstrate error, we will not reverse the judgment of the court below. See Steinberg v. Steinberg, 11 Va. App. 323, 326, 398 S.E.2d 507, 508 (1990). The trial court did not err by merely discussing wife's expenses for her adult children.[2]

### b. The Annual Incentive

Husband next argues that the trial court erred in calculating the spousal support award because it included his annual incentive in the calculation of his income. We disagree.

Code § 20-107.1(E)(1) requires the trial court to consider the "obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature." Under Code § 20-107.1, courts are authorized "to consider not only earnings but also 'earning capacity.'" Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979). Nevertheless, "the award must be based upon the circumstances in existence at the time of the award. An award 'premised upon the occurrence of an uncertain future circumstance . . . ignores the design and defeats the purpose of the statutory scheme.'" Payne v. Payne, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987) (quoting Jacobs, 219 Va. at 995-96, 254 S.E.2d at 58).

---

[2] We recognize that children reach the age of majority at the age of eighteen. Fry v. Schwarting, 4 Va. App. 173, 180, 355 S.E.2d 342, 346 (1987). As a general rule, parents typically have no obligation to support their children after this age. See Mullin v. Mullin, 45 Va. App. 289, 301, 610 S.E.2d 331, 336 (2005).

Husband argues that the annual incentive is potential income, and is therefore dependent on uncertain future circumstances. This argument ignores the trial court's discussion of husband's income:

> [Husband's] evidence of his income was problematic. [Husband's] base salary is approximately $7,357 [per month]. [Husband] contends the court should ignore the other components of his pay including holiday pay, shift premium, annual incentive and a merit lump sum 2% payment. Except for the merit lump payment, defendant has received such extra payments over and above his base salary for a number of years. Thus, this court finds his gross annual salary for 2011 to be approximately $104,904 or $8,742 per month. This also happens to be about what [husband] has earned since 2008.

The trial court's discussion of husband's income indicates that it did not base its decision upon uncertain future circumstances. The trial court based its decision upon husband's average income since 2008. Ironically, husband's argument would force the trial court to base its decision on an uncertain future circumstance, i.e., the possibility that he will not receive the annual incentive, which he has received every year for the past four years.[3] The trial court did not err by including husband's annual incentive in its calculation of his income.

### c. Husband's Expenses

Husband next argues that the trial court erred when it refused to include already incurred debts as a part of husband's monthly obligations and determined that husband is financially able to pay wife spousal support. We disagree.

Factor one of Code § 20-107.1(E) requires the trial court to consider the "obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature." The trial court must substantively

---

[3] Should husband not receive the annual incentive as he has in the past, he would, of course, be free to petition the court for a reduction of support under Code § 20-109(B).

consider all evidence presented as it relates to this factor. See Woolley, 3 Va. App. at 345, 349 S.E.2d at 426. However, in so considering, "the judge is not 'required to quantify or elaborate exactly what weight or consideration it has given to [the factor].'" Pilati, 59 Va. App. at 183, 717 S.E.2d at 810 (quoting Duva, 55 Va. App. at 300, 685 S.E.2d at 849).

The trial court *considered* husband's monthly expenses and chose to exclude expenses that the trial court found unreasonable. The trial court determined that some of husband's expenses should be excluded because they were "troublesome" and unnecessary. Specifically, the trial court stated that husband incurred these expenses even though he knew that wife could seek spousal support under the property settlement agreement:

> Under the settlement agreement, [husband] was well aware that once his child support obligation ceased in May of 2011, [wife] had a contractual right to seek spousal support. Yet, [husband] proceeded to purchase undeveloped land, jewelry, a tractor plus take on other obligations or expenses and then argue that he is unable to afford payments of spousal support timely asserted as anticipated under the separation agreement.

It is enough that the trial court considered the evidence introduced concerning factor one of Code § 20-107.1(E) in making its decision. The trial court is not required to, and did not, elaborate on the weight accorded to the factor. Therefore, we hold that the trial court did not abuse its discretion in considering the evidence presented regarding factor one of Code § 20-107.1(E) and deciding that husband was financially able to pay spousal support.

### B. The Spousal Support Limitation

Wife argues that the trial court erred in limiting the award of spousal support to a defined number of years in alleged violation of the parties' property settlement agreement. We disagree.

"Property settlement agreements are contracts; therefore, we must apply the same rules of interpretation applicable to contracts generally." Tiffany v. Tiffany, 1 Va. App. 11, 15, 332

S.E.2d 796, 799 (1985).  When a contract is unambiguous, "its meaning and effect are questions

of law to be determined by the court.  On review we are not bound by the trial court's

construction of the contract provisions here in issue."  Id.  Additionally,

> We adhere to the "plain meaning" rule in Virginia:  "[W]here an
> agreement is complete on its face, is plain and unambiguous in its
> terms, the court is not at liberty to search for its meaning beyond
> the instrument itself . . . . This is so because the writing is the
> repository of the final agreement of the parties."
>
>      The court must give effect to all of the language of a
> contract if its parts can be read together without conflict.  Where
> possible, meaning must be given to every clause.  The contract
> must be read as a single document.  Its meaning is to be gathered
> from all its associated parts assembled as the unitary expression of
> the agreement of the parties.  However inartfully it may have been
> drawn, the court cannot make a new contract for the parties, but
> must construe its language as written.

Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983) (quoting Globe Co. v. Bank of

Boston, 205 Va. 841, 848, 140 S.E.2d 629, 633 (1965)).

Concerning spousal support, the parties' separation agreement states:

> Wife reserves the right to petition for and receive spousal support
> as the Husband's child support obligation decreases due to the
> children getting older; Wife's reservation of spousal support shall
> terminate upon the death of either party, her marriage or
> cohabitation with a partner in a relationship analogous to marriage
> for twelve consecutive months or more.

The agreement is complete on its face.  The language is plain and unambiguous.  Wife

reserved the right to *petition for and receive* spousal support until one of the cessation events.

Wife did not reserve the right to continue to *receive* spousal support until one of the cessation

events.  "Receive" and "petition for" are linked by the coordinating conjunction "and."  A

coordinating conjunction signifies that the words are of equal rank and should be read together.

Thus, "petition for" and "receive" must be read together.  Wife reserved the right to request

spousal support, but this language in the agreement does not give wife any rights to receive spousal support in any particular amount or duration.

Further, "reserve," as used in the agreement, is an operative term. "Reserve" refers to "something kept back or held available (as for future use)." Webster's Third New International Dictionary 1930 (1981). Wife cannot keep back or hold available something that she does not already have. Upon divorce, wife had the right to petition for spousal support. Wife did not immediately exercise this right. Instead, wife entered into the settlement agreement with husband, which expressly "kept back or held available" her right to petition for spousal support once husband's child support obligations decreased. Conversely, upon divorce, wife did not have a right to receive spousal support in any particular amount or duration. In order to receive spousal support, wife would have had to petition the trial court for a spousal support award, and the trial court would have had to look at Code § 20-107.1 to determine whether wife was entitled to spousal support. In essence, wife's argument asks this Court to "put the cart before the horse." The horse, a successful petition for spousal support resulting in an award, must necessarily come before the cart, the actual receipt of spousal support. Thus, wife's reservation applies only to the right to petition for and receive spousal support in whatever amount and for whatever duration might be determined by a trial court, after consideration of the factors in Code § 20-107.1.

The trial court interpreted the support agreement provision to read that "[t]he agreement reserved the right of [wife] to seek spousal support at a later date upon the cessation of [husband's] child support payments. Nothing in the agreement suggests that the full range of considerations under [Code § 20-107.1] were not to be considered." We agree with the trial

- 11 -

court's interpretation.  Therefore, we hold that the trial court did not err in limiting the spousal

support award to a defined number of years.[4]

### C.  Attorney's Fees

Finally, both parties seek an award of attorney's fees incurred on appeal.

> The rationale for the appellate court being the proper forum to
> determine the propriety of an award of attorney's fees for efforts
> expended on appeal is clear.  The appellate court has the
> opportunity to view the record in its entirety and determine
> whether the appeal is frivolous or whether other reasons exist for
> requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  After considering

the record, we decline to award attorney's fees to either party on appeal.

### III.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

---

[4] In so holding, we recognize that Code § 20-109(B) provides an adequate remedy for wife to petition the court for a modification of the spousal support award if "there has been a material change in circumstances of the parties."  Also, this right to petition for a modification survives the present twelve-year period of defined-duration support because the reservation terminates, per the express terms of the agreement, only "upon the death of either party, [or wife's] marriage or cohabitation with a partner in a relationship analogous to marriage for twelve consecutive months or more."  Cf. Code § 20-107.1(D) (recognizing that a reservation of the right to seek support may be "*[i]n addition to* or in lieu of an award pursuant to subsection C" and that "[o]nce granted, the duration of such a reservation shall not be subject to modification" (emphasis added)); Blank v. Blank, 10 Va. App. 1, 4-5, 389 S.E.2d 723, 724-25 (1990) (recognizing under a prior version of Code § 20-107.1 containing no express provision concerning reserving the right to request support in the future, that the court had the authority to make a lump sum spousal support award and to reserve to the obligee the right to petition for spousal support in the future).  Husband concedes on brief that the reservation itself survives on these terms.

- 12 -