UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Decker, Judge Humphreys and Senior Judge Annunziata
Argued by teleconference

SYED HYAT

v.      Record No. 1882-19-4

AFSHAN HINA

MEMORANDUM OPINION[*] BY
JUDGE ROSEMARIE ANNUNZIATA
JUNE 23, 2020

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David A. Oblon, Judge

John K. Cottrell (Cottrell Fletcher & Cottrell P.C., on briefs), for appellant.

Afshan Hina, *pro se*.[1]


Syed Hyat ("husband") and Afshan Hina ("wife")[2] were married in May 2016 and

separated in March 2017, approximately ten days after their son was born.  As part of the final

divorce decree entered in September 2019, the trial court ordered husband to pay wife spousal

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We note that in lieu of filing a brief that complied with Rule 5A:21, appellee submitted a document entitled "Appellee's Response to the Appellant's Opening Brief and Assignments of Errors."  Appellee attached other documents, which she labeled as "Appendix 1, 2, and 3."  Her response makes limited reference to those documents, but it contains no page references to the appendix filed by appellant.  See Rule 5A:21(c).  The response also includes no citations to legal authorities to support appellee's argument, as required by Rule 5A:21(d).
    Even though appellee is acting *pro se*, she still "must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591 (1999); see Townes v. Commonwealth, 234 Va. 307, 319 (1987) (holding that "[a] pro se litigant is no less bound by the rules of procedure and substantive law than a defendant represented by counsel").  Because appellee has not complied with the applicable rules, we do not consider the contents of her response.  See Giraldi v. Giraldi, 64 Va. App. 676, 679 n.1 (2015).

[2] While referring to the parties as "former husband" and "former wife" would be more accurate, for ease of reference in this memorandum opinion, we refer to them simply as "husband" and "wife."

support of $2,100 per month.[3]  Husband argues on appeal that the trial court erred in awarding

spousal support because the parties were married for only ten months and also erred in ordering

that husband pay support for an undefined duration.  We affirm the ruling of the trial court.

BACKGROUND[4]

Wife came to the United States from India in 2006 on a student visa.  After receiving a

bachelor's degree in engineering, she began working as a software developer in 2009.  Through

her employers, she acquired an H-1B visa, which was valid as long as she was sponsored by an

employer.  Wife's employer advised her in January 2017 that it was terminating her employment

because it did not have another project to assign to her, but the employer continued to pay her

until July 2017 when her maternity leave ended.  Wife's H-1B visa terminated then, and her

employer also discontinued assisting her in obtaining a "green card."

Husband filed a I-130 petition to sponsor wife for a "green card" in December 2016, but

he withdrew the petition in April 2017 after he and wife separated.  Husband believed he was

required to withdraw the petition because the marriage had failed, and he assumed that wife

would still be able to work through her H-1B visa.  Although husband told wife in March 2017

that he was withdrawing the petition, wife misunderstood the communication and continued to

believe the petition would be granted until she met with an immigration officer in September

2017.  Without a H-1B visa or a "green card," wife was no longer authorized to work or remain

lawfully in the United States.  However, if she sought employment elsewhere, such as in India,

---

[3] Husband had been paying $1,791 per month since December 2017 under a *pendente lite* order.  Husband also paid child support, but that payment is not a part of this appeal.  In response to the parties' motions to reconsider, the trial court entered another order in November 2019. That order did not change the provisions of the final decree at issue in this appeal.

[4] We view the evidence in the light most favorable to wife, the party who prevailed at trial, granting the evidence "the benefit of any reasonable inferences."  Congdon v. Congdon, 40 Va. App. 255, 258 (2003).

she would lose custody of her young son because she was under a court injunction, obtained by husband, not to remove the child from the United States.

Wife had earned $75,000 per year while employed, but she was unemployed when the trial court determined husband's spousal support obligation. Her expenses were $5,900 per month. Husband had a gross monthly income of $13,266, or $159,200 per year. His expenses were $9,846 per month, which included $4,425 in debt payments on loans and credit card charges. Calling the parties' situation a "Catch 22," the trial court ordered husband to pay $2,100 per month in spousal support and did not specify the duration of the spousal support award. The court's order stated that "[t]his award is expressly based on [wife's] presence in the United States and her inability to earn an income lawfully due to immigration limitations, and her inability to return to India without her baby." This appeal followed.

ANALYSIS

Husband argues that the trial court improperly relied only on wife's financial need and did not give appropriate weight to the other factors enumerated in Code § 20-107.1(E). He contends that a marriage lasting only ten months did not merit an award of spousal support, particularly an award of indefinite duration.

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Giraldi v. Giraldi, 64 Va. App. 676, 681 (2015) (quoting Northcutt v. Northcutt, 39 Va. App. 192, 196 (1998)). The trial court's "broad discretion . . . will not be disturbed except for a clear abuse of discretion." Id. at 681-82 (quoting Fadness v. Fadness, 52 Va. App. 833, 845 (2008)). The court's decision "constitutes reversible error only if 'its decision is plainly wrong or without evidence to support it.'" Id. at 682 (quoting Fadness, 52 Va. App. at 845).

Code § 20-107.1 authorizes a trial court to order spousal support and sets forth the factors the court must consider in determining the amount and duration of the support order. See

Chaney v. Karabaic-Chaney, 71 Va. App. 431, 435 (2020). "When a court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.'" Id. (quoting Dodge v. Dodge, 2 Va. App. 238, 246 (1986)). Failure to consider all of the factors is reversible error. Id. But "[w]hat weight, if any, to assign to [a particular] factor in the overall decision lies within the trial court's sound discretion." Pilati v. Pilati, 59 Va. App. 176, 183 (2011) (quoting Robbins v. Robbins, 48 Va. App. 466, 481 (2006)).

The record here shows that in setting the amount of spousal support for wife, the trial court appropriately considered the factors set forth in Code § 20-107.1(E). At the hearing in July 2019, the trial court identified and discussed the factors listed in the statute. The court's ruling was set out in the final decree and incorporated by reference to the hearing transcript.

In considering the income and expenses of both husband and wife, the trial court found that wife needed support and that husband had the ability to pay support. The court determined that both parties had "the education and skills necessary to make a nice living," but wife had no lawful ability to earn an income at that time due to her immigration status. The court found that there was no evidence that other employment opportunities were available to wife when she lost her job in 2017, but there was evidence that she would have done more to keep her H-1B visa if she had known her "green card" application had been withdrawn. The court concluded that it could only speculate whether wife could have retained her H-1B visa or received a "green card" through husband's petition, but it was clear that once husband withdrew the petition, it would not be granted. The court determined that husband had "a financial interest in helping [wife] get a work authorization"; but by withdrawing the petition, he had foreclosed one opportunity for wife to work lawfully in the United States and contribute financially to her own support and that of their child.

The trial court acknowledged that a marriage of only ten months was "of such short duration that any spousal support would be unusual." But the court balanced that factor with wife's particular, difficult situation. The court stated that if no support was ordered, wife "would have the choice of living in the United States without the ability to lawfully support herself, or she would leave the United States without her child," because even though another court had ordered that she was the child's primary custodian, that same court had prohibited her from leaving the country with the child. "[T]he court, in setting support awards, must look to current circumstances and what the circumstances will be 'within the immediate or reasonably foreseeable future,' not to what may happen in the future." Joynes v. Payne, 36 Va. App. 401, 421 (2001) (quoting Srinivasan v. Srinivasan, 10 Va. App. 728, 735 (1990)).

Husband contends that the trial court relied too much on wife's need and too little on the short duration of the marriage. He also argues that the other factors in Code § 20-107.1(E) did not justify awarding wife spousal support.[5] However, considering the statutory factors in determining support was not intended "to devolve into an algorithm and thereby project a pretense of certitude." Pilati, 59 Va. App. at 183. "While a trial judge must consider all the factors, the judge is not 'required to quantify or elaborate exactly what weight or consideration [he] has given to each of the statutory factors.'" Id. (quoting Duva v. Duva, 55 Va. App. 286, 300 (2009)). The record shows that the trial court considered all the factors enumerated in Code

---

[5] The court found that the parties were both thirty-three years old and in good health. The court noted that the parties had known each other only six weeks before they married and were "practically strangers . . . who now have a child in common." The court granted the divorce on the grounds of having lived separate and apart for more than one year, but considered "a clash of family dynamics" regarding the parties' extended families as central to the dissolution of the marriage. The court found that the standard of living during the marriage had been modest, there was no real estate and little marital property, and the parties had already divided their assets.

- 5 -

§ 20-107.1(E). We hold that the court did not abuse its discretion in ordering husband to pay spousal support to wife.

Husband also contends that the trial court erred in not limiting the duration of the spousal support award. He asserts that the court's order potentially obligates him to pay spousal support for the rest of his or wife's life. However, "[a]ny change in either party's position regarding support is more properly addressed, not in speculated anticipation of change, but in relation to the current circumstances of the parties." Miller v. Cox, 44 Va. App. 674, 687 (2005) (holding that the trial court did not err in awarding spousal support for an undefined duration). The court awarded wife spousal support "expressly based on [her] presence in the United States and her inability to earn an income lawfully due to immigration limitations, and her inability to return to India without her baby." Under Code § 20-109, the trial court retained jurisdiction to alter the amount of the support award upon a proper showing of a material change of circumstances. Accordingly, if wife's situation changes because, for example, she found lawful employment, husband may petition the circuit court to decrease or terminate the support order. "This statutory scheme recognizes that comparative needs and capacities change as circumstances change, that changes are not fairly predictable, and that spousal support awards must be determined in light of contemporary circumstances and then, if necessary, redetermined in light of new circumstances." Jacobs v. Jacobs, 219 Va. 993, 995 (1979). We conclude that the trial court did not err in awarding spousal support for an undefined duration.

Both parties have requested an award of attorney fees and costs. Having reviewed and considered the record in this case, we decline to award either party fees and costs. See Rule 5A:30; Wright v. Wright, 61 Va. App. 432, 470 (2013); O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996).

- 6 -

CONCLUSION

We hold that the trial court did not abuse its discretion in awarding wife spousal support for undefined duration, as the court's ruling was neither plainly wrong nor lacking in supporting evidence. See Wright, 61 Va. App. at 446. Accordingly, we find no basis to reverse the trial court, and we decline to award attorney's fees and costs to either party.

Affirmed.