COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Fulton, Ortiz and Raphael

JOHN RICHARD AKERS

MEMORANDUM OPINION* BY
v.      Record No. 1047-21-1      JUDGE DANIEL E. ORTIZ
JUNE 7, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Michael E. McGinty, Judge

(Christopher T. Voltin; Goff Voltin, PLLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Timothy J. Huffstutter,
Assistant Attorney General, on brief), for appellee.


John Richard Akers appeals from the decision of the Circuit Court of the City of

Williamsburg and County of James City revoking a portion of his previously suspended sentences.

Akers contends that the trial court abused its discretion by revoking his previously suspended

sentences "because it failed to adequately consider the mitigating evidence offered at the sentencing

hearing." After examining the briefs and record, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

Because the trial court did not abuse its discretion by improperly weighing mitigating evidence, we

affirm the trial court's decision.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On June 19, 2019, the trial court convicted Akers, upon his guilty pleas, of identity theft to avoid arrest and providing false information to the police. For the identity theft conviction, the trial court sentenced Akers to twelve months in jail with ten months suspended. For the providing false information offense, the trial court sentenced Akers to twelve months in jail with eight months suspended. Akers's suspended sentences were conditioned upon him being of good behavior, keeping the peace, obeying the trial court's order, and paying fines and costs for a period of five years. On February 18, 2020, the trial court found Akers in violation of his probation conditions, revoked his suspended sentences, and resuspended fourteen months.

On October 21, 2020, Akers's probation officer filed a major violation report, alleging that Akers had again violated his probation conditions. The report stated that Akers continued to test positive for illegal drugs. Addenda to the major violation report dated February 19, 2021, and June 16, 2021, stated that Akers had again tested positive for drugs.

At the June 23, 2021 revocation hearing, Akers acknowledged the violations and "accept[ed] full responsibility" for his conduct. He also admitted having used cocaine while on probation. Akers proffered that he had taken steps to address his addiction, including completing a rehabilitation program, seeing a psychiatrist, and maintaining full-time employment. The trial court found Akers in violation of his probation conditions, revoked his suspended sentences, and resuspended four months, leaving Akers with ten months of active incarceration.

ANALYSIS

Akers concedes "that the trial court did not exceed the maximum punishment for the offense of which he was convicted." Instead, he argues only that "the trial court did not articulate how it arrived at the sentence that it did, aside from general statements about Akers's lack of internal

motivation to address his underlying addiction." He further asserts that the trial court "did not seem to acknowledge the defense's mitigation evidence."[1]

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part." *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

Akers admitted that he violated the terms of his suspended sentences. Thus, the record establishes that the trial court had sufficient cause to revoke Akers's suspended sentences. Under the operative terms of the revocation statute in effect when the trial court considered Akers's violation, once it found that Akers had violated the terms of the suspension, the trial court had to revoke the suspended sentences and they were then in "full force and effect." Code § 19.2-306(C)(ii).[2] The trial court was permitted—but not required—to resuspend all or part of the sentences. *Id.*; *Alsberry*, 39 Va. App. at 320.

It was within the trial court's purview to weigh any mitigating factors Akers presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "The statutes dealing with probation and

---

[1] Akers asks this Court to consider his argument under the ends of justice exception to Rule 5A:18. We assume without deciding that Akers meets this standard and proceed to decide his appeal on its merits.

[2] Code § 19.2-306(C) was amended, effective July 1, 2021, and no longer requires the trial court to revoke the sentence. 2021 Va. Acts Spec. Sess. I ch. 538.

suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)).

The record reflects that Akers continued to disregard the terms of his suspended sentences, even after a prior revocation, by repeatedly testing positive for cocaine. The trial court reasonably could conclude that Akers's conduct demonstrated that he was not amenable to rehabilitation, despite the mitigating evidence Akers offered at the sentencing hearing. The record shows Akers failed to make productive use of the grace extended to him while he was on probation. Further, the trial court was not required to articulate the reasoning for its decision, absent a statutory requirement. *See Giraldi v. Giraldi*, 64 Va. App. 676, 684 n.5 (2015); *Pilati v. Pilati*, 59 Va. App. 176, 180 (2011).

Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

## CONCLUSION

For these reasons, the trial court's decision is affirmed.

*Affirmed.*