COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Malveaux and Chaney
Argued at Lexington, Virginia

UNPUBLISHED

DWAYNE LEE WHITE

MEMORANDUM OPINION[*] BY
v.      Record No. 1746-22-3      JUDGE VERNIDA R. CHANEY
APRIL 9, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
W. Chapman Goodwin, Judge

Vaughan C. Jones for appellant.

Lauren C. Campbell, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Following a jury trial, Dwayne Lee White appeals his convictions for first-degree murder

and use of a firearm in the commission of murder. White contends that the circuit court erred in

admitting evidence of his prior criminal conduct. For the following reasons, this Court affirms

the circuit court's judgment.

BACKGROUND

"On appeal, we review the facts in the light most favorable to the Commonwealth, the

prevailing party below." *Sarka v. Commonwealth*, 73 Va. App. 56, 59 (2021).

A. The Murder of Kelin White

On July 19, 2021, at 6:34 a.m., White called 911 and reported, "We need an officer down

here. Me and my wife got into it. I don't know if she's dead. Shots was fired." The operator

asked, "Did you fire?" White answered, "No. She pulled a weapon and shots was fired. The

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

weapon went off several times. I don't know what's going on." White provided his name and house address.

Police investigators were dispatched to the house White shared with his wife, Kelin. The police found Kelin's lifeless body upstairs on the laundry room floor. The medical examiner determined that the manner of Kelin's death was homicide and the cause of death was "gunshot wounds of [the] chest, neck, and extremities." The medical examiner testified that three bullet wounds across Kelin's upper back—determined to be entrance wounds—were inconsistent with the defense theory that Kelin was shot during a struggle over the gun.

During the booking process after White's arrest, when another inmate who appeared to know White asked him why he was in jail, White answered, "Murder, man. Finally, my wife." White's cross-examination of the booking officer elicited the following testimony:

> Q He said, "I murdered my wife." And then he walks on sad?
>
> A Yes, sir.

R. 614.

B. Evidence of White's Prior Violent Crimes Against the Victim

Before trial, the Commonwealth moved the circuit court to admit evidence of White's history of domestic violence against Kelin. The Commonwealth asked the court to admit certified conviction orders for unlawful wounding in May 2009, domestic assault and battery in April 2009, November 2012, and May 2021, and strangulation in November 2012. The Commonwealth also asked the court to admit eyewitness testimony about Kelin's injuries from the unlawful wounding. The Commonwealth argued that this evidence was not offered merely to prove White's propensity to commit acts of violence, but "to show Defendant's conduct and feeling towards his victim, Ms. White, to establish the prior relations between Defendant and Ms. White, to show Defendant's intent and motive for murdering her, specifically with deliberation and premeditation." The

Commonwealth contended "the probative value of this evidence greatly outweighs any risk of unfair prejudice." White did not file a written response to this motion.

At a pretrial hearing on the Commonwealth's motion *in limine*, White argued that there was no nexus between the prior convictions and the alleged murder in 2021. White also argued that the prior cases—where no firearm was involved—were not factually similar and thus distinguishable from the charged offense, which allegedly involved the use of a firearm. White further argued that the prior convictions were too remote in time to be admissible. White argued that the prejudicial effect of the older convictions outweighed their probative value. Regarding his 2021 prior conviction, White argued that it had no probative value because the facts were dissimilar, and thus, its prejudicial effect outweighed its probative value.

The Commonwealth responded that the evidence of White's prior assaults against his wife was admissible to rebut White's claim of self-defense by showing the conduct and relations between White and the victim. The Commonwealth contended that it would mislead the jury if, in response to White's self-defense claim, the Commonwealth was not allowed to inform them about White's history of violence against the victim.

The circuit court found that although prior bad acts and prior convictions are ordinarily inadmissible to prove the charged offense, White's prior convictions show a pattern ultimately resulting in his wife's death. The circuit court ruled that "that pattern is admissible." The circuit court added:

> There are other reasons that the prior convictions could be shown.
> And that is for motive, what it was that was going on, the
> relationship between the parties. There is a whole list of things
> that could support that. And I think that if there ever was a case
> where the prior history between the parties should be admitted that
> this is it. So I'm going to allow the convictions to be admitted in
> this case.

The circuit court further ruled that the admissible evidence related to the prior convictions was "limited in the facts of the conviction to what was necessary for that particular conviction, not all of the history between the parties." Additionally, the circuit court ruled that non-cumulative testimony about the victim's injuries in 2009 would be admitted. The written order granting the motion also provides:

> [T]he Commonwealth may introduce the certified orders of conviction and corresponding indictments for the following convictions involving the victim: Assault and Battery Against a Family or Household Member, Augusta County Juvenile and Domestic Relations District Court, April 8, 2009; Unlawful Wounding, Augusta County Circuit Court, May 18, 2009; Assault and Battery Against a Family or Household Member (3rd Offense), Strangulation and Possession of Firearm by Non-Violent Felon, November 5, 2012; Assault and Battery Against a Family or Household Member, Staunton Circuit Court, May 24, 2021.

R. 244-45.

At trial, certified copies of White's 2009 felony indictment and conviction for unlawful wounding of Kelin were admitted over White's continuing objection. Sergeant Carter of the Augusta County Sheriff's Office testified that he observed Kelin at the Augusta Medical Center when she was treated for her injuries from the unlawful wounding. Sergeant Carter testified that Kelin "had clear-cut injuries of assault. Right eye was swollen, bunch of bruising across her upper body. It was like a burn mark of some nature on the left arm. Lip was -- had laceration on the lip."

Sergeant Carter further testified that White was convicted of the following crimes against Kelin:

- Assault and battery on a family member on 10/26/2008; conviction on 4/8/2009.

- Assault and battery, 3rd offense, and strangulation on 8/10/2012.

- Assault and battery on a family member on 6/10/2020; conviction 5/6/2021.

C. Conviction and Sentence

The jury found White guilty of first-degree murder, in violation of Code § 18.2-32, and use of a firearm in the commission of murder, in violation of Code § 18.2-53.1. The circuit court sentenced White to imprisonment for life on the murder conviction and incarceration for three years on the firearm conviction. This appeal followed.

## ANALYSIS

A. The evidence of White's prior violent crimes against his wife was relevant non-propensity evidence.

White contends that the circuit court erred in admitting evidence of his prior violent crimes against Kelin, including felony unlawful wounding in 2008, strangulation in 2012, and domestic assault and battery in 2008, 2012, and 2020. "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." *Cheripka v. Commonwealth*, 78 Va. App. 480, 494 (2023) (quoting *Warnick v. Commonwealth*, 72 Va. App. 251, 263 (2020)). White argues that the circuit court abused its discretion in admitting the evidence of his prior violent crimes against Kelin because it is inadmissible propensity evidence. We disagree.

Although evidence of a defendant's prior crimes or bad conduct "is generally not admissible to prove the character trait of a person in order to show that the person acted in conformity therewith[,] . . . such evidence is admissible if [1] *it tends to prove any relevant fact* pertaining to the offense charged" and "[2] the legitimate probative value of such proof outweighs its incidental prejudice." Va. R. Evid. 2:404(b) (emphasis added). "[O]ther crimes evidence is admissible when it 'shows the conduct or attitude of the accused toward his victim[;] establishes the relationship between the parties[;] or negates the possibility of accident or mistake[;]' or shows motive, method, intent, plan or scheme, or any other relevant element of the offense on trial." *Kenner v.*

*Commonwealth*, 299 Va. 414, 424 (2021) (first alteration added) (quoting *Ortiz v. Commonwealth*, 276 Va. 705, 714 (2008)).

As White acknowledges, "previous acts of intimate partner violence may be non-propensity evidence probative of a defendant's motive and intent to commit a charged crime." "Even where another crime is not inextricably linked with the offense on trial, it may nevertheless be proved if it shows the conduct and feeling of the accused toward his victim, his motive, intent, plan or scheme, or any other relevant element of the offense on trial." *Scott v. Commonwealth*, 228 Va. 519, 527 (1984).

The evidence of White's prior violent crimes against Kelin was relevant in determining White's state of mind at the time of the shooting and the manner of Kelin's death. The jury was required to determine whether White maliciously shot and murdered Kelin as charged, or whether Kelin was inadvertently shot to death in a struggle over a gun that she pulled on White, as White asserted. The circuit court found that the evidence of White's violent crimes against Kelin, spanning from 2008 to 2020, was evidence of a pattern of abuse in their relationship, ending in Kelin's death. In the absence of similar violent abuse by Kelin against White, this evidence tends to make it less probable that at the time of the fatal shooting, Kelin was the initial aggressor. Thus, the evidence of White's violent conduct against Kelin throughout their relationship was relevant to rebut White's claims that Kelin was the aggressor in her fatal last encounter with him and that he was acting in self-defense.[1] *See State v. Richards*, 879 N.W.2d 140, 152 (Iowa 2016) (holding that the defendant's prior acts of domestic violence against the same victim are highly probative when

---

[1] "'Relevant evidence' means evidence having any tendency to make the existence of any fact in issue more probable or less probable than it would be without the evidence." *See* Va. R. Evid. 2:401.

"the prior relationship between the defendant and the victim was characterized by acts of domestic violence" by the defendant, and the defendant claims self-defense).[2]

White argues that his 2009 convictions for violent crimes against Kelin—for offenses committed 12 to 13 years before the charged offense—were too remote in time to be probative of his motive and intent at the time of the shooting in 2021. White's argument might be persuasive if, in the intervening period between the 2009 convictions and Kelin's death, the evidence did not support a finding of a relationship pattern of White's violent conduct against Kelin. Without more, evidence of a defendant's domestic violence against the same victim over a decade before an alleged offense would not tend to show the defendant's conduct and attitude toward the victim at the time of the alleged offense. But here, the evidence showed that White assaulted and battered Kelin in 2008, 2012, and again in June 2020, a year before Kelin was killed. This evidence of White's violent abuse of Kelin throughout their relationship tends to show White's persistent conduct and attitude toward Kelin, thus establishing a nexus for relevancy of White's prior crimes against Kelin over a decade before she was killed.

Under binding Virginia caselaw, "[o]nce a nexus for relevancy of prior conduct . . . has been established . . . the issue of remoteness concerns the weight of the evidence and the credibility of the witnesses, both of which are within the province of the jury." *Lafon v. Commonwealth*, 17 Va. App. 411, 419 (1993) (third alteration in original) (emphasis omitted) (quoting *Barnes v. Commonwealth*, 214 Va. 24, 26 (1973)). Here, the jurors were properly permitted to determine the appropriate weight of the prior crimes evidence considering all factors, including its remoteness in time.

---

[2] Caselaw from another jurisdiction is cited as persuasive, non-binding authority.

B. The prejudicial effect of the prior crimes evidence did not substantially outweigh its probative value.

Even if the evidence of White's prior violent crimes against Kelin was relevant in White's murder trial, this evidence was admissible only if the legitimate probative value of the evidence outweighed its incidental prejudice. *See* Va. R. Evid. 2:404(b). "The responsibility for balancing the two considerations rests in the trial court's discretion and we will not disturb the trial court's determination in the absence of a clear abuse of discretion." *Kenner*, 299 Va. at 427.

White contends that the circuit court abused its discretion by admitting the evidence of his prior violent crimes against Kelin without balancing or considering its prejudicial effect. White asserts, "[t]here is no evidence the trial court balanced or considered that effect." However, "[a]bsent a statutory requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Pilati v. Pilati*, 59 Va. App. 176, 180 (2011) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). "With few exceptions, when no specific explanation is given by a trial court, we presume the court followed the governing legal principles, and resolved all factual contests favorable to the prevailing party."[3] *Id.* at 181 (internal citations omitted). Accordingly, this Court presumes that the circuit court determined that the probative value of the evidence of White's prior violent crimes against Kelin was not substantially outweighed by its prejudicial effect. *See Conley v. Commonwealth*, 74 Va. App. 658, 673 (2022) ("[R]elevant evidence will only be excluded if its prejudicial nature substantially outweighs its probative value.").

---

[3] In *Carolino v. Commonwealth*, 79 Va. App. 170 (2023) (en banc), this Court did not presume that the trial court balanced the probative value and the prejudicial effect of the "prior bad act" evidence, as required under Virginia Rule of Evidence 2:404(b), because the trial court admitted the evidence "solely to impeach Carolino's credibility," not as relevant non-propensity evidence under Virginia Rule of Evidence 2:403(b). *Id.* at 192.

This Court holds that the circuit court did not abuse its discretion in implicitly ruling that the prejudicial effect of the prior crimes evidence did not substantially outweigh its probative value. "To be excluded as unfairly prejudicial, 'the nature of the evidence must be such that it generates such a strong emotional response that it is unlikely that the jury could make a rational evaluation of its proper evidentiary weight.'" *Id.* (quoting *Fields v. Commonwealth*, 73 Va. App. 652, 672 (2021)). The circuit court curtailed the danger of unfair prejudice to White by giving the jury a limiting instruction restricting the jury's consideration of the prior crimes evidence. White does not argue on appeal that the limiting instruction failed to prevent the jury from considering the prior crimes evidence merely as evidence of White's propensity to commit the charged offense. Therefore, this Court finds no abuse of discretion in the circuit court's admission of the evidence of White's prior violent crimes against Kelin.[4]

---

[4] Even if the circuit erred in admitting the prior-crimes evidence, this Court holds that any such error was harmless. "[A] non-constitutional error is harmless 'if, when all is said and done, the error did not influence the jury, or had but slight effect.'" *Spruill v. Garcia*, 298 Va. 120, 127-28 (2019) (quoting *Commonwealth v. Swann*, 290 Va. 194, 201 (2015) (per curiam)). "If other evidence of guilt is so overwhelming and the error insignificant, by comparison, supporting a conclusion that the error did not have a substantial effect on the verdict, the error is harmless." *Angel v. Commonwealth*, 281 Va. 248, 268 (2011).

Considering the totality of the evidence, the evidence of White's guilt is so overwhelming that this Court can conclude with fair assurance that the jury would have convicted White even if no consideration was given to the evidence of his prior violent crimes against Kelin. White admitted that he and Kelin were the only persons present when Kelin was shot. The medical examiner's testimony established that Kelin was shot three times in the back and she could not have fired those shots. The medical examiner also opined that the three bullet wounds in Kelin's back were inconsistent with the defense theory that Kelin was shot during a struggle over the gun. Additionally, White told a jail inmate that he was back in jail because he murdered his wife. Given this overwhelming evidence of White's guilt, any error in admitting evidence of his prior violent crimes against Kelin was harmless error.

CONCLUSION

The circuit court did not abuse its discretion in admitting evidence of White's prior violent criminal conduct towards the murder victim.  Therefore, this Court affirms the circuit court's judgment.

*Affirmed.*