COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judges Humphreys and Millette
Argued at Chesapeake, Virginia


STEVEN A. BENZINE
                                                        OPINION BY
v.       Record No. 2419-07-1              CHIEF JUDGE WALTER S. FELTON, JR.
                                                        JULY 8, 2008
KUM SUN BENZINE


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                             Frederick B. Lowe, Judge

            Patricia A. Helfer for appellant.

            No brief or argument for appellee.


        Steven Benzine (husband) appeals from a judgment of the Circuit Court of the City of

Virginia Beach (trial court) awarding Kum Benzine (wife) spousal support in the amount of $500

monthly.  He contends the trial court erred in failing to make written findings and conclusions, as

required by Code § 20-107.1(F), identifying the Code § 20-107.1(E) factors supporting its final

order awarding spousal support to wife.  Husband also contends the trial court erred in confirming

the report and supplemental report of the commissioner in chancery (commissioner).  He

additionally contends the trial court erred in failing to consider all of the Code § 20-107.1(E) factors

in awarding spousal support to wife, in failing to use the current incomes and expenses of the parties

in reaching its support award, in failing to find wife to be voluntarily unemployed, and in

determining husband's ability to pay spousal support in the amount awarded.  For the reasons

below, we reverse the judgment of the trial court.

I.  BACKGROUND

Under familiar principles, "we construe the evidence in the light most favorable to [wife], the prevailing party below, granting to [her] evidence all reasonable inferences fairly deducible therefrom." Northcutt v. Northcutt, 39 Va. App. 192, 195, 571 S.E.2d 912, 914 (2002).  So viewed, the record reflects that husband and wife married in 1974 in Seoul, Korea, where husband was stationed in the United States Army.[1]  The parties separated in 1991, when husband moved to Wisconsin to be near his family, while wife remained in Virginia.  Wife filed a bill of complaint seeking divorce in 2001, and husband filed a cross-bill.[2]  The trial court entered a *pendente lite* order awarding wife $1,000 a month in temporary spousal support.  No further action was taken on the pleadings until 2004, when the trial court referred the matter to a commissioner in chancery.

The commissioner conducted an *ore tenus* hearing and thereafter filed his report with the trial court.  The commissioner's report included a two-page addendum that presented the factual background of the case, including the parties' respective incomes and expenses, their respective ages, wife's physical condition, the parties' respective property interests, their respective earning capacities, the duration of their marriage, and the financial consequences of their divorce, including issues concerning the parties' respective tax liabilities.

In the concluding paragraph of his report, the commissioner wrote, "having considered wife's living expenses (Exhibit P-1), husband's living expenses (Exhibit P-2), [and] husband's income (Exhibit D-1 and D-2), it is recommended that husband pay to wife $500 per month, modifiable upon a change of circumstances such as wife's obtaining Social Security disability benefits."  Husband filed an initial exception to the commissioner's report, primarily seeking

[1] Two children were born of the marriage, both of whom were emancipated at the time of these proceedings.

[2] Husband originally filed a petition for divorce in Wisconsin in April 2001, prior to wife filing her bill of complaint in August 2001, seeking divorce in Virginia.  The record indicates that husband abandoned his Wisconsin petition for divorce.

clarification of whether the recommended award of $500 monthly spousal support to wife included, or was in addition to, the monthly payment she received from husband's military retirement pay. The commissioner's supplemental report clarified that the recommended $500 monthly payment for spousal support was in addition to wife's receiving a portion of husband's military retirement pension. Husband thereafter filed multiple exceptions to the commissioner's supplemental report. Included in those exceptions was that "(a) the [c]ommissioner ha[d] not identified the factors in subsection E of Section 20-107.1 of the Code of Virginia which support the commissioner's recommendations as is required by Section 20-107.1(F), and (b) the [c]ommissioner ha[d] not considered all of the factors listed in subsection E of Section 20-107.1 of the Code of Virginia, or, if he ha[d] considered them, his recommendation [was] inconsistent with the evidence." Husband's exceptions also individually listed the various factors of Code § 20-107.1(E) and how the evidence presented related to each.

In its final decree of divorce, the trial court "confirmed" the commissioner's report and supplemental report, overruled husband's exceptions to the reports, and awarded spousal support to wife of $500 monthly, "pursuant to the recommendation of the [c]ommissioner."[3] Following the signature lines of the trial court and counsel on the final decree, husband noted his objections, providing detailed exceptions to the decree, including the trial court's failure to provide written findings and conclusions identifying the Code § 20-107.1(E) factors on which it relied in its award of spousal support.

This appeal followed.

---

[3] The final decree states that the court overruled husband's exceptions to the commissioner's report on May 12, 2005. No transcript or order of the May 12, 2005 hearing is in the record on appeal.

II.  ANALYSIS

"In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support."  <u>Miller v. Cox</u>, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005).  "Accordingly, our review is limited to determining whether the trial court clearly abused its discretion."  <u>Id.</u>  A trial court abuses its discretion as a matter of law when it fails to adhere to statutory requirements.  <u>See</u> <u>Robinson v. Robinson</u>, 50 Va. App. 189, 194, 648 S.E.2d 314, 316 (2007).

On appeal, husband contends the trial court, in awarding spousal support to wife, erred by failing to comply with Code § 20-107.1(F), which requires that, "[i]n contested cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order."

In <u>Robinson</u>, we held that the plain language of Code § 20-107.1(F) requires the trial court to provide express written findings and conclusions supporting its spousal support decision in a contested case.  <u>Robinson</u>, 50 Va. App. at 195-96, 648 S.E.2d at 317 (citing <u>Earley v. Landsidle</u>, 257 Va. 365, 370, 514 S.E.2d 153, 155 (1999) ("[W]hen the language in a statute is clear and unambiguous, the courts are bound by the plain meaning of that language.")).  We concluded in <u>Robinson</u> that a trial court does not comply with Code § 20-107.1(F) where the final decree of divorce granting spousal support provides neither "facts pertaining to [the] particular case and the evidence presented at trial," nor "any findings or conclusions identifying the factors listed in Code § 20-107.1(E) that support the spousal support award."  <u>Id.</u> at 196, 648 S.E.2d at 317.

A trial court may refer matters pending before it to a commissioner in chancery to assist the court by taking evidence and making recommendations regarding those matters referred to it in a report.  The trial court may either confirm or reject the report of the commissioner "in whole or

in part, according to the view which it entertains of the law and the evidence." Code § 8.01-610.

However, Code § 20-107.1(F) requires more in contested cases of spousal support.

"'When a court refers a cause to a commissioner in chancery, it does not delegate its

judicial functions to the commissioner . . . . Rather, the court must review the evidence, apply the

correct principles of law, and make its own conclusions as to the appropriate relief required.'"

Morrill v. Morrill, 45 Va. App. 709, 714, 613 S.E.2d 821, 823 (2005) (*en banc*) (quoting

Dukelow v. Dukelow, 2 Va. App. 21, 26-27, 341 S.E.2d 208, 211 (1986)).  While the

commissioner may assist the trial court in the "expeditious performance of [its] . . . duties,"

Raiford v. Raiford, 193 Va. 221, 226, 68 S.E.2d 888, 891 (1952), the plain language of Code

§ 20-107.1(F) requires a final order granting or denying spousal support in a contested case to be

accompanied by "written findings and conclusions *of the court* identifying the factors in subsection

E which support the court's order."  Code § 20-107.1(F) (emphasis added).  It is the trial court's

thought process and consideration of the Code § 20-107.1(E) factors related to its spousal support

decision in contested cases that the legislature has determined must be reflected in its order.

Here, the final decree of divorce was not accompanied by the written findings and

conclusions of the trial court required by Code § 20-107.1(F), even though husband brought that

omission to the trial court's attention in his exceptions to the final decree.[4]  It merely confirmed the

commissioner's report and supplemental report, overruled husband's exceptions to those reports,

and granted wife spousal support of $500 monthly as recommended by the commissioner without

specifying which of the Code § 20-107.1(E) factors it considered in making that award.  We

---

[4] We recognize that trial courts routinely assign the preparation of final decrees in domestic cases to attorneys representing parties.  However, it is the duty of the trial court to assure that the final decree complies with statutory mandates.  See, e.g., Lanzalotti v. Lanzalotti, 41 Va. App. 550, 554-55, 586 S.E.2d 881, 883 (2003) ("[T]he General Assembly amended Code § 20-124.3 to direct the trial court to state the 'basis for [its] decision . . . .'"); Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991) ("Whenever a child support award varies from the guidelines, Code § 20-108.2(A) requires the trial court to make written findings of fact . . . ."); Code § 20-107.1(H).

conclude the trial court abused its discretion by failing to comply with the clear statutory mandate of Code § 20-107.1(F) that, where spousal support is a contested issue between the parties, "written findings and conclusions of the court identifying the factors in subsection E which support the court's order" must accompany the final order relating to spousal support.  See Robinson, 50 Va. App. at 195-96, 648 S.E.2d at 317.

Because the trial court failed to identify the Code § 20-107.1(E) factors supporting its spousal support award, we are unable to determine whether it erred in awarding wife $500 monthly in spousal support, or which of the Code § 20-107.1(E) factors it considered and applied in reaching that decision.

For these reasons, we reverse the award of spousal support to wife and remand for reconsideration of the spousal support issue based on the existing record and in accordance with this opinion.

Reversed and remanded.