COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Beales and Russell
Argued at Richmond, Virginia


TAMMY T. WARE

                                              MEMORANDUM OPINION* BY
v.       Record No. 0673-16-2              JUDGE WILLIAM G. PETTY
                                              FEBRUARY 7, 2017

SUDARSAN SRINIVASAN


FROM THE CIRCUIT COURT OF HENRICO COUNTY
James S. Yoffy, Judge

Janipher W. Robinson (Robinson & Greene, on briefs), for
appellant.

Kimberly L. Fitzgerald (Rick A. Friedman, II; Friedman Law Firm,
P.C., on brief), for appellee.


Tammy T. Ware ("wife") appeals the trial court's spousal support award.  She argues that

the trial court abused its discretion in setting the amount of her spousal support.  Wife also argues

that the trial court failed to consider all of the statutory factors in Code § 20-107.1 as required.  For

the following reasons, we affirm the decision of the trial court.

Wife argues that the trial court erred in reducing the amount of spousal support from her

*pendente lite* award while increasing her expenses and failing to consider her health and cost of

insurance.  Because this Court does not have an adequate appendix from which to review the

issue, we will not address the issue on the merits.

It is an axiom of appellate law that "the judgment of the lower court is presumed to be

correct and the burden is on the appellant to present to us a sufficient [appendix] from which we can

determine whether the lower court has erred in the respect complained of."  Patterson v. City of

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 765 (2003) (quoting Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993)).  "The appendix must include 'any testimony and other incidents of the case germane to the questions presented.'"  Id. at 717, 576 S.E.2d at 764 (quoting Rule 5A:25(c)(3)).  Indeed, its purpose is to assist this Court in determining the merit of the claims.

> The appendix is a tool vital to the function of the appellate process in Virginia.  Without it, the [three judges on this panel] would have to pass the original record from one to the other.  Much of the contents, though material at trial, may be utterly irrelevant to the issues posed on appeal.  By requiring the publication and distribution of an appendix which excludes all irrelevancies, the Rules of Court expedite the adjudication of the appeal and reduce the costs.  By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice.

Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979).  "Thus, the filing of an appendix that complies with the Rules, is 'essential to an informed collegiate decision.'"  Patterson, 39 Va. App. at 717, 576 S.E.2d at 765 (quoting Thrasher, 219 Va. at 1009-10, 254 S.E.2d at 66).

The appendix in this case is insufficient because it does not contain a necessary transcript.  Wife did not include the transcript from the September 28, 2015 hearing on the merits.  Wife did include a transcript from a March 28, 2016 hearing on a motion to reconsider; however, no evidence was presented at that hearing.  Without the transcript from the September 28 hearing, we cannot determine whether the trial court abused its discretion in setting the amount of spousal support.  See Fadness v. Fadness, 52 Va. App. 833, 845, 667 S.E.2d 857, 865 (2008) ("A circuit court has 'broad discretion in setting spousal support and its determination will not be disturbed except for a clear abuse of discretion.'" (quoting Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998))).

It is assumed that the appendix contains everything germane to the assignments of error, Rule 5A:25(h), and although this Court *may* consider other parts of the record, we decline to do so in this case. Wife did not provide a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix" as required by Rule 5A:20(d). Instead, wife provided only three sentences in her statement of facts. We decline "to comb through the record . . . in order to ferret-out for ourselves the validity of [wife's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988); see Fadness, 52 Va. App. at 850, 667 S.E.2d at 865 ("To ignore [our procedural rules] by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [wife's] position on the issues [s]he raises." (quoting Jones v. Commonwealth, 51 Va. App. 730, 734-35, 660 S.E.2d 343, 345 (2008))).

Wife also argues that the trial court erred because it did not set out each factor in Code § 20-107.1(E) and did not quantify the weight it gave each factor. We disagree.

In determining the nature and amount of spousal support, the trial court is required to consider the factors set out in Code § 20-107.1(E). Failure to do so is reversible error. Joynes v. Payne, 36 Va. App. 401, 420, 551 S.E.2d 10, 19 (2001). However, "the trial court is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Id. (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). At most, in a contested case, the final order must include "written findings and conclusions *of the court* identifying the factors in subsection E which *support* the court's order." Benzine v. Benzine, 52 Va. App. 256, 261, 663 S.E.2d 105, 108 (2008) (second emphasis added) (quoting Code § 20-107.1(F)).

Here, a review of the trial court's January 19, 2016 letter opinion demonstrates that the trial court complied with the statutory requirements. At the beginning of the letter opinion

section entitled "Spousal Support," the trial court stated that it considered the factors enumerated in Code § 20-108.1. Appellant conceded at oral argument that this was merely a typographical error and the court meant to cite Code § 20-107.1. Thus, the trial court properly considered the factors as required.

Further, the trial court specifically listed factors from Code § 20-107.1(E) that supported its decision. The trial court stated that it considered its "equitable distribution decision, the earning capacity of the parties, their education and skills, the parties' parenting arrangements, education expenses and health." The court was not required to go beyond that and quantify or elaborate exactly what weight or consideration was given to each of the statutory factors. See Joynes, 36 Va. App. at 420, 551 S.E.2d at 19. Nor was it required to list the factors that weighed against its award. Accordingly, the trial court did not err in applying the statutory factors.

In summary, we are unable to determine if the trial court abused its discretion in setting the amount of spousal support because the appendix lacks a transcript necessary to the review of the issue. Therefore, this issue is waived on appeal. Moreover, the trial court properly considered the statutory factors in Code § 20-107.1(E) and set out the factors that supported its decision. Accordingly, the decision of the trial court is affirmed.[1] We deny Srinivasan's request for attorney's fees.

Affirmed.

---

[1] Srinivasan moved to dismiss this appeal based on the appendix and the lack of the trial transcript. Because this Court has jurisdiction to hear this case, dismissal is not the proper remedy. Smith v. Commonwealth, 56 Va. App. 351, 356, 693 S.E.2d 765, 768 (2010) (holding that this Court cannot "dismiss an appeal except on the grounds that this Court lacks jurisdiction"). Therefore, we deny Srinivasan's motion to dismiss.