COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judges Humphreys and O'Brien
Argued by videoconference


RUSSELL G. RICHARDSON
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0178-21-2          CHIEF JUDGE MARLA GRAFF DECKER
                                                         OCTOBER 19, 2021
U. TOUSSAINT RICHARDSON


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William E. Glover, Judge

Robert J. Barlow (Marc R. Thomas; Zachary D. Crimmins;
Barlow & Thomas, P.C., on briefs), for appellant.

U. Toussaint Richardson, *pro se*.


Russell G. Richardson (the husband) appeals the circuit court's award of spousal support

to U. Toussaint Richardson (the wife). He argues that in determining the award, the court failed

to make sufficient written findings or adequately consider certain requisite factors. He also

contends that the circuit court abused its discretion by fashioning the award as a lump sum. For

the reasons that follow, we affirm the spousal support award.

## I. BACKGROUND[1]

The husband and the wife married in 1982. Twenty-five years later, they started living

separate and apart. After living in separate places for ten years, the parties filed for divorce.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In accordance with familiar principles of appellate review, the facts are recited in the light most favorable to the wife, as the prevailing party below. See Armstrong v. Armstrong, 71 Va. App. 97, 102 (2019).

The resulting hearing took place on December 5, 2019, and January 6, 2020. The husband and the wife were in their mid-sixties at the time of the hearing. During the marriage, the parties enjoyed an upper-middle-class lifestyle. The husband served as an officer in the Air Force throughout the twenty-five years they lived together. For nineteen of those years, the pair lived overseas at various bases. As an officer's spouse, the wife actively worked to further the husband's career. She also provided care for the husband and their children. Due to the demands of childcare and the limited jobs available in the foreign countries in which they lived, the wife was unable to work outside the home during the marriage. Although she enrolled in some college classes, she ultimately stopped because they were too expensive and difficult to take while she was raising children overseas. Additionally, the wife testified that as of the hearing, she could no longer sit or stand for extended periods of time due to medical problems.

In 2007, the husband retired from the Air Force and began working for a private military contractor. During his private contract work, his yearly salary varied, peaking at $212,000. At the time of the hearing, the husband was unemployed with no interest in future employment. His military retirement income was $8,576 per month, and he also received $1,825 per month in disability. During the years of separation, the husband routinely provided the wife with a monthly stipend of $3,500 and paid the mortgage on the house in which she lived. He claimed that his monthly expenses were $11,748, which did not include the monthly funds that he gave to the wife. The wife claimed monthly expenses totaling $4,621, of which $1,450 were debt payments. This amount did not account for a rent or mortgage since at the time the husband provided her housing.

The circuit court granted the divorce based on the parties living separate and apart beginning in 2007. The court made an equitable distribution award, primarily finding that the

parties had already divided most of the marital property. As part of the equitable distribution ruling, the circuit court awarded the wife half of the husband's military retirement pension.

In addition to a share of the husband's military pension, the court awarded the wife spousal support "in the amount of $6,000 per month for five years." It noted that it considered all the requisite statutory factors. It specifically credited the wife's testimony "about the nonmonetary contributions she made during the marriage and the . . . support she provided in the advancement" of the husband's career. The court also considered the husband's claim that his recent full retirement limited his income but found that "evidence of his lavish lifestyle since the parties' separation undermines any claim that retirement will leave him unable to afford spousal support." In awarding spousal support, the court primarily considered the length of the marriage, each party's "relative need and ability to pay," the parties' contributions to the marriage, their earning capacities, their opportunities for further education and job training, the employment decisions made during the marriage, and the wife's contributions to the husband's career. The court stated that it accounted for the husband's retirement, the parties' retirement ages, the husband's "significant assets," and "the parties' delay in filing for divorce."

The husband objected to the award. He based his objection in part on the grounds that the circuit court failed to make any findings regarding the parties' incomes, his ability to pay spousal support, the wife's need for spousal support, and the tax consequences. He argued that the court should have assigned more weight to the fact that he had retired and its impact on his income and ability to pay. In addition, he objected that the court did not determine "the basis for the amount and duration of spousal support."

The parties filed motions to reconsider. After reconsideration, the circuit court reiterated that it took into account the various statutory factors and again stressed the wife's contributions to the husband's career. However, it found that the record was "devoid of any evidence"

regarding the tax consequences of its decision.  As a result, the court concluded that it had "no basis" on which to evaluate "the equity of tax consequences in this matter."  In addition, the court specified that the spousal support award to the wife was a "set lump sum payable in installments."  The total amount was $360,000, payable in monthly installments of $6,000.  The court noted that the wife would need to move out of her current home and needed "funds to afford a new residence."  It found that the spousal support award would allow the wife "to maintain the standard of living she was accustomed to during the marriage."  The husband again raised his objections to the amended final decree.

## II.  ANALYSIS

On appeal, the husband challenges the spousal support award.  Settled principles provide that a court's award of spousal support will be reversed only for an abuse of discretion.  See, e.g., deCamp v. deCamp, 64 Va. App. 137, 144 (2014).  The governing statute requires that a circuit court consider certain factors, but the weighing of those factors falls within the sound discretion of that court.  Pilati v. Pilati, 59 Va. App. 176, 183 (2011).  Consequently, as long as an "evidentiary foundation exists" to support the factual findings underlying a circuit court's spousal support award "and the record discloses that the . . . court has given consideration to each of the statutory factors," this Court "will not disturb its determination as to spousal support on appeal."  Fox v. Fox, 61 Va. App. 185, 203-04 (2012).

The husband's assignments of error encompass numerous issues, all relating to the award of spousal support.  He suggests that the circuit court erred by failing to make sufficient written findings relating to or even to consider several factors identified by the statute as necessary to a spousal support award determination.  The husband also argues that the court erred by awarding support in the form of a lump sum.

A. Written Explanation

The husband specifically argues that the court failed to give an adequate written explanation regarding the parties' incomes and earning capacities, the husband's ability to pay, the wife's financial need, the possible tax consequences to the parties, and the impact of his retirement.

1. Incomes and Earning Capacities, Ability to Pay, Financial Need, and Tax Consequences

Code § 20-107.1(E) provides that "[i]n determining the nature, amount and duration" of a spousal support award, "the court shall consider" thirteen different factors related to the parties' marriage, finances, and other relevant circumstances. The statute provides that "[i]n contested cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order." Code § 20-107.1(F).

To comply with Code § 20-107.1(F), a circuit court "should identify all relevant statutory factors supporting its decision and provide an explanation of its resolution of any significant underlying factual disputes." Cleary v. Cleary, 63 Va. App. 364, 370 (2014) (quoting Pilati, 59 Va. App. at 182). However, the court "is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Pilati, 59 Va. App. at 183 (quoting Duva v. Duva, 55 Va. App. 286, 300 (2009)). "The written explanation requirement can be satisfied by trial court orders, written letter opinions filed in the court's record, [and] oral rulings . . . recorded in a written transcript, as well as findings and conclusions recorded in a statement of facts in lieu of a transcript . . . ." Id. at 182 (citation omitted). Failure to fulfill this writing requirement "constitutes reversible error." Robinson v. Robinson, 50 Va. App. 189, 194 (2007).

In this case, the circuit court identified the statutory factors that impacted its decision and made numerous written findings of facts. The court explained that it awarded spousal support to the wife primarily due to the length of the marriage, each party's "relative need and ability to pay," the parties' contributions to the marriage, their earning capacities, their opportunities for further education and job training, the employment decisions made during the marriage, and the wife's contributions to the husband's career. The court heavily weighted the wife's "nonmonetary contributions she made during the marriage and the . . . support she provided in the advancement" of the husband's career. It also considered the husband's claim that his recent full retirement limited his income. Nevertheless, the circuit court found that "evidence of his lavish lifestyle since the parties' separation undermine[d] any claim that retirement [would] leave him unable to afford spousal support." The court stated that it took into account the husband's retirement, the parties' retirement ages, the husband's "significant assets," and "the parties' delay in filing for divorce."

Based on this record, it is clear that the circuit court's explanation was sufficient to satisfy its obligations to identify the statutory factors relevant to determining the spousal support award and to make written factual findings. Cf. Benzine v. Benzine, 52 Va. App. 256, 261-62 (2008) (holding that the circuit court erred by failing to make sufficient written findings under the statute because it made *no* written findings); Robinson, 50 Va. App. at 196 (same). See generally Pilati, 59 Va. App. at 183-85 (reversing after the circuit court made only two factual findings and failed to resolve the cause of the dissolution of the marriage). Contrary to the husband's suggestion, the statute did not require the court to make detailed written findings on every factor it identified. In this case, the circuit court could have said more, but it was unnecessary for the court to do so. We hold that, in awarding spousal support, the circuit court

adequately "provided the reasoning and the factual basis for its award." See Fadness, 52 Va. App. at 847. Consequently, it did not err.

## 2. Retirement

The husband argues that the circuit court committed reversible error by failing "to state findings of fact as to what it had specifically considered as to retirement" in accordance with Code § 20-107.1(F). That subsection requires that if a court awarding spousal support "specifically considered" "the retirement of either party," then "the order shall state the facts the court . . . specifically considered."[2] Code § 20-107.1(F).

Regardless of the husband's current challenge, he did not make this argument below. Instead, he argued that the circuit court failed to consider "the impact of his retirement" and contended that the court should have assigned more weight to the fact of his retirement. The husband also protested that the court erred by neglecting to make certain written findings, including regarding his income. He did not argue that the court needed to make more detailed findings of fact related to his retirement in order to comply with the statute.

It is well established that no ruling of the circuit court "will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18; see Edwards v. Commonwealth, 41 Va. App. 752, 760 (2003) (*en banc*), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004). The primary purpose of the contemporaneous objection rule is to give the circuit court "an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." West v. Commonwealth, 43 Va. App. 327, 337 (2004)

---

[2] This language was added pursuant to a 2018 amendment. 2018 Va. Acts ch. 583. The same amendment requires a court to consider the impact of retirement when ruling on a petition for a modification of spousal support based on a change in circumstances. Id. Specifically, a court weighing modification must consider whether the judge who awarded spousal support "contemplated" the impact of retirement. See Code § 20-109(F)(1).

(quoting Weidman v. Babcock, 241 Va. 40, 44 (1991)).  Therefore, this Court will not consider an argument on appeal unless it was presented to the circuit court with specificity and in time for the court to correct any error.[3]  See, e.g., Tackett v. Arlington Cnty. Dep't of Human Servs., 62 Va. App. 296, 331-32 (2013).  After a review of the record, we conclude that Rule 5A:18 bars the Court's consideration of this issue on appeal.  See Budnick v. Budnick, 42 Va. App. 823, 843 (2004).

### B.  Consideration of Statutory Factors

The husband argues that the circuit court erred by failing to consider the parties' incomes and earning capacities, his ability to pay, his retirement, the wife's financial need, and the tax consequences of the award on the parties.  The husband is correct that determination of a spousal support award requires that the circuit court consider these various factors and circumstances.  See Code § 20-107.1(E)(1) (financial resources and needs), (9) (earning capacities), (13) (tax consequences); Miller v. Cox, 44 Va. App. 674, 684 (2005) (providing that the goal of spousal support is to balance the financial needs of one spouse against the other's ability to pay).

Here, the circuit court specifically noted that it heavily weighed the parties' earning capacities as a factor in determining support.  Incontrovertibly, the husband's earning capacity significantly exceeds the wife's.  Although at the time of the hearing, the husband's income was limited due to the fact that he was no longer working, consideration of the parties' incomes is only one factor out of thirteen and did not entitle the husband to a particular result.  See Code § 20-107.1(E).

The court stated that it "considered [the h]usband's retirement in fashioning its award" but that "evidence of his lavish lifestyle since the parties' separation undermines any claim that

---

[3] The appellant does not raise the ends-of-justice or good-cause exception to Rule 5A:18, and this Court does not consider either exception *sua sponte*.  See Jones v. Commonwealth, 293 Va. 29, 39 n.5 (2017).

retirement will leave him unable to afford spousal support." The husband represented that his monthly net income was $7,932.10, and, despite his retirement, he claimed $11,748 in monthly expenses. Of his total expenses, he allotted $6,268 for three mortgages and $2,107 for two car payments. Based on this record, the circuit court did not credit the husband's representation of his inability to pay. The court's inference that the husband was able to pay spousal support in light of his expenses and assets is an acceptable factual conclusion based on the evidence. The husband simply disagrees with this inference, citing his lack of employment at the time of the hearing. However, the circuit court's factual finding is not plainly wrong on this record.

In addition, the requirement that the circuit court must balance the receiving spouse's needs against the providing spouse's ability to pay does not usurp the court's discretion. See Stubblebine v. Stubblebine, 22 Va. App. 703, 711 (1996). Here, the circuit court considered the husband's ability to pay despite his retirement, in light of his assets and earning capacity, and weighed it against the wife's needs.

Although "Code § 20-107.1(E)(1) requires the consideration of the 'needs' of the 'parties,'" it "does not . . . create a mathematical formula primarily reliant upon the input of financial data." Robbins v. Robbins, 48 Va. App. 466, 484 n.10 (2006). Instead, the statute "requires only [that] the factfinder . . . 'consider' the estimated needs of the parties. By doing so, the statute thus authorizes a flexible, commonsense approach to this aspect of the factfinding exercise." Id. (quoting Code § 20-107.1(E)).

Despite the husband's assertion to the contrary, the record in this case demonstrates that the circuit court clearly considered the wife's needs. Specifically, it considered that she had to move out of her residence. The wife established that she relied on the husband for financial support. The parties' arrangement during the marriage was for the husband to act as the primary income earner and for the wife to provide care for him and the children as well as help advance

- 9 -

his career. The circuit court's decision to award the wife spousal support was not an abuse of discretion under these circumstances. See id.

The husband correctly notes that, in crafting a spousal support award, a circuit court is required to consider "the tax consequences to each party . . . as are necessary to consider the equities between the parties." Code § 20-107.1(E)(13). Such consideration, however, is limited by the evidence the parties present. See Duva, 55 Va. App. at 300 (recognizing that a circuit court's conclusions regarding the statutory spousal support considerations "must have some foundation based on the evidence presented" (quoting Miller, 44 Va. App. at 679)).

To support his argument, the husband cites to federal tax law that effectively means that a spousal support award is not taxed as income to the recipient nor tax-deductible to the payor. He also points to the parties' incomes and their prior tax returns in evidence. The husband argues that this "evidence was sufficient to give the [circuit] court a basis to consider the tax consequences" of a spousal support award to the wife.

The income tax return records introduced into evidence were pages from the parties' joint filings in 2014 and 2015. The taxable income amounts on those returns were $152,236 and $171,740. Following the husband's unemployment, his income was diminished considerably, and presumably a different tax rate will apply going forward. In light of the different financial circumstances at the time of the hearing from those reflected in the tax returns in the record, the circuit court did not abuse its discretion by finding that these documents were not helpful evidence regarding possible tax consequences for the spousal support award on the parties.

Given the record and the standard of review, the circuit court's conclusion about a lack of evidence suggests simply that the husband failed to offer any convincing reason why the tax consequences merited a change in the spousal support award. After all, the husband's evidence in this regard consisted of outdated tax returns and the parties' respective incomes coupled with

his argument that he could not deduct spousal support payments from his taxable income. No evidence established which tax brackets the parties might fall within given various potential rulings by the court. The circuit court simply found the husband's argument unpersuasive and concluded that nothing in the evidence presented warranted a different result. This was not an abuse of discretion.

The circuit court considered the relevant factors listed in awarding spousal support. See Fadness, 52 Va. App. at 847. It suitably balanced the various circumstances in this case to achieve an appropriate result. See Code § 20-107.1. We hold that there is no error.

C.  Lump Sum

The husband challenges the lump sum form of the spousal support award. He suggests that the circuit court abused its discretion by fashioning the award in this way in the absence of special circumstances or compelling reasons.

"The court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments for a defined duration, or in periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof." Code § 20-107.1(C). Although a circuit court has "discretion in deciding whether to order periodic or lump sum payments, periodic payments are the preferred form." Taylor v. Taylor, 27 Va. App. 209, 217 (1998) (quoting Mosley v. Mosley, 19 Va. App. 192, 197 (1994)).

"[U]nlike periodic spousal support payments which are subject to modification upon a future change in circumstances, a lump sum award is a fixed obligation to pay a sum certain when the decree is entered whether payable immediately or . . . in deferred installments." Kaufman v. Kaufman, 12 Va. App. 1200, 1205 (1991). The fixed nature of a lump sum award means that the recipient will "not have to face the difficulty and expense of enforcing the decree or the possibility that payments will diminish with changes in the payor's circumstances." Blank

v. Blank, 10 Va. App. 1, 6 (1990). "[T]he right to the amount, whether payable immediately or in installments[,] is fixed and vested at the time of the final decree[,] and the amount is unalterable by" remarriage, death, or court order. Kaufman, 12 Va. App. at 1205 (quoting Mallery-Sayre v. Mallery, 6 Va. App. 471, 475 (1988)). The court cannot order a change in a lump sum spousal support award even for a showing of a change in circumstances. Id. "Consequently, a court's selection of the method of awarding spousal support has considerable significance beyond the mere amount of the award." Id. at 1205-06.

"In determining the appropriateness and amount of a lump sum award," circuit courts are required to "consider, in conjunction with those facts specified in Code § 20-107.1, the recipient spouse's need for such an award." Id. at 1205. "'Generally, when courts do make lump sum spousal support awards[,] they do so because of special circumstances or compelling reasons,' such as a payor spouse's future unwillingness or potential inability to pay period payments, or a payee spouse's immediate need for a lump sum to maintain herself or himself or satisfy debts." Id. (quoting Blank, 10 Va. App. at 5); see also Taylor, 27 Va. App. at 217 (stating that a court "must find 'special circumstances or compelling reasons'" when it awards spousal support in a lump sum (quoting Blank, 10 Va. App. at 5)).

The circuit court awarded the wife a lump sum of spousal support in the form of installment payments. The total award was $360,000, payable in monthly payments of $6,000 a month for five years. The court noted that the wife needed funds in order to move out of the "residence in which [she was then] living upon entry of the final decree."[4] It found that the "set lump sum payable in installments [would] allow[ her] to maintain the standard of living she was accustomed to during the marriage." In fashioning the spousal support award, the circuit court

---

[4] At the time of the hearing, the wife lived in a house bought and paid for by the husband. The circuit court determined that the house was the husband's separate property.

also emphasized the length of the marriage, the husband's ability to pay, the wife's contributions to the marriage and the husband's career, the parties' earning capacities, their opportunities for further education and job training, their retirement ages, the fact of husband's retirement, the husband's assets, the parties' delay in filing for divorce, and the employment decisions made during the marriage.

The primary circumstance in this case supporting a lump sum payment is the fact that the wife needed to find a new residence. See Kaufman, 12 Va. App. at 1206. Although the order for the husband to pay the lump sum in installments over five years might seem to negate the purpose of a lump sum award, the fixed nature of the lump sum format provides the wife with financial stability and certainty to enable sound financial and housing decisions for the next chapter of her life. See Blank, 10 Va. App. at 6.

Consequently, the circuit court did not abuse its discretion by granting an award of lump sum spousal support.

### III. CONCLUSION

For these reasons, we affirm the circuit court's decision awarding the wife spousal support. The court gave a sufficient written explanation under Code § 20-107.1(F) and did not need to make a written factual finding for each consideration relevant to determining the award. However, we do not address whether the court made sufficient retirement-related findings in compliance with the statute because the issue is procedurally barred. In addition, the circuit court considered the necessary factors in determining the spousal support award. Finally, the court did not abuse its discretion by concluding that the circumstances merited fashioning the award as a lump sum.

Affirmed.